### ADELINE GREENWOOD *vs.* ANDREW J. BRADFORD.

Plymouth. Jan. 28. — Feb. 27, 1880. MORTON & SOULE, JJ., absent.

The Gen. Sts. *c.* 133, § 7, and *c.* 115, § 14, authorizing "the court," upon overruling a motion for a new trial, to enter judgment as of a former term, confer no authority upon a judge in vacation to enter judgment, where the case has not been continued *nisi.*

CONTRACT, with a count in tort. The record and the clerk's docket showed the following facts: At the trial in the Superior Court, at June term 1878, before *Brigham*, C. J., the jury returned a verdict for the plaintiff. The defendant, at the same term, moved to set aside the verdict and for a new trial. On July 17, 1878, the judge overruled the motion, and ordered judgment " as of the last day of June term last." In August 1878, the judge ordered the case to be continued for judgment. At October term 1878, judgment was entered on the verdict for the plaintiff; and the defendant appealed to this court.

*D. E. Damon*, for the defendant.

*C. G. Davis*, for the plaintiff.

GRAY, C. J. The judges, either of the Superior Court or of this court, have no authority in vacation to order final judgment in actions at law which have been continued generally from one term to another, but only in those which have been continued *nisi*, that is to say, continued to the next term " unless " before

that term some order shall be made as of the previous term. Gen. Sts. *c.* 112, §§ 31, 32. St. 1878, *c.* 145. The Gen. Sts. *c.* 133, § 7, and *c.* 115, § 14, authorizing " the court," upon over-ruling a motion for a new trial, or in any case in which justice requires it, to enter judgment as of a former term, confer no authority upon a judge in vacation. " The court," as used in the statutes, means the court held, whether by one or by more judges, at a term established by law. Gen. Sts. *c.* 112, §§ 18, 26, 27, 28, 38; *c.* 114, §§ 2, 16; *c.* 115, §§ 13, 16, 20; *c.* 122, §§ 2, 3; *c.* 133, § 1. Whenever the Legislature has intended to author-ize the judges to act in vacation, without regard to any term, it has made express provision to that effect; as in suits in equity, interlocutory orders at law or in divorce, writs of habeas corpus, and arraignments for murder. Gen. Sts. *c.* 113, §§ 6, 7, 16, 18, 24; *c.* 129, §§ 59, 64; *c.* 144, §§ 3, 5. Sts. 1861, *c.* 91; 1862, *c.* 90; 1866, *c.* 148; 1869, *c.* 433, § 2; 1870, *c.* 119; 1874, *c.* 339. The full bench of this court has never assumed to exercise the power of ordering final judgments in vacation, without a con-tinuance *nisi*, in actions at law. The law term for the Common-wealth, held at Boston on the first Wednesday of January in each year, is uniformly adjourned from time to time until the Tuesday before the first Wednesday of January in the follow-ing year; and 'in the law terms held in other counties all mat-ters pending before the full court are always continued *nisi* by a general order at the end of the term. If an order, made at any term of either court, to continue a case *nisi*, should by mistake not be recorded, it would of course be within the power of the court at a subsequent term to order the record to be amended so as to conform to the truth. *Fay* v. *Wenzell*, 8 Cush. 315.

An appeal from a judgment of the Superior Court to this court lies only for error in matter of law apparent on the record. Gen. Sts. *c.* 114, § 10. Until the record is fully extended, the clerk's docket is the record. *Read* v. *Sutton*, 2 Cush. 115. The record in this case does not show any continuance *nisi* fiom the June term. It does show that the order for judgment as of the last day of that term, and the order to continue the case for judgment, were both made in vacation, and were therefore invalid. The case then stood continued generally to the next

term, like any other unfinished case not continued *nisi;* and the judgment for the plaintiff, which appears by the record to have been entered at the next term, is the final judgment in the case, and must be                                          *Affirmed.*