EMPIRE APARTMENTS, INC. *vs.* PHYLLIS S. GRAY & another.

Suffolk. November 8, 1967. — December 1, 1967.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, & REARDON, JJ.

*Supreme Judicial Court*, Transfer of cases. *Practice, Civil*, Exceptions: filing of bill; Rules of court.

A single justice of the Supreme Judicial Court has power under G. L. c. 211, § 4A, to direct a transfer of a cause or matter to that court from a lower court. [334–335]

Where the trial judge in an action, with the apparent encouragement of the prevailing party, refused to entertain a motion by the opposing party, drawn in a form complying with Rule 73 of the Superior Court (1954), for an extension of time for filing a bill of exceptions, and in effect compelled the excepting party to submit another motion in an abbreviated form not complying with the rule, and allowed the later motion, such forced noncompliance with the rule could not properly

be the basis for a subsequent dismissal by the judge of the bill of exceptions on the ground that the extension of time for filing had been invalidly granted; and the excepting party was entitled to be put in the same position as if the earlier, proper motion had been allowed. [337]

An individual judge has no right to disregard the rules of his court. [337]

PETITION to vacate judgments filed in the Superior Court on June 20, 1966.

The case was ordered transferred to and was heard in the Supreme Judicial Court for the county of Suffolk by *Spiegel,* J.

*Louis H. Casson (Richard F. Casson* with him) for the respondents.

*Harold Katz (S. Myron Klarfeld* with him) for the petitioner.

WILKINS, C.J. This petition to vacate judgments was brought in the Superior Court and was transferred to the Supreme Judicial Court by order of a single justice. In the county court the petition was allowed upon three conditions, not presently material, and the respondents excepted.

1. We first must deal with the respondents' contention that the single justice lacked power to transfer the case. The contention is based upon an unreasonable literal reading of G. L. c. 211, § 4A, inserted by St. 1962, c. 722, § 2. This is a long section, the first paragraph of which reads, "The supreme judicial court or a justice thereof may transfer for partial or final disposition in any appropriate lower court any cause or matter which might otherwise be disposed of by a single justice . . . ." The final paragraph of § 4A reads, "The supreme judicial court may also direct any cause or matter to be transferred from a lower court to it in whole or in part for further action or directions . . . ." The entire basis for the respondents' argument is the absence of the phrase "or a justice thereof" from the final paragraph. No reason has been suggested why one justice could transfer a case from the Supreme Judicial Court, but the full court should be required to bring the case into this court. Such a requirement would be an unnecessary handicap to the administration of justice without the slightest compen-

sating advantage. We are firmly of opinion that the Legislature never so intended. The long-standing interpretation applicable equally to this court and the Superior Court is that a power conferred by statute upon either court "means the court held, whether by one or more judges, at a time and place established by law for the judicial administration of justice." *Catheron* v. *County of Suffolk*, 227 Mass. 598, 602. *Greenwood* v. *Bradford*, 128 Mass. 296, 297. *Commonwealth* v. *Gedzium*, 261 Mass. 299, 301–302. *Fanciullo* v. *B. G. & S. Theatre Corp.* 297 Mass. 44, 51. See *Peterson* v. *Hopson*, 306 Mass. 597, 603.

2. The remaining question is whether the respondents, who abetted the judge in forcing a violation of Rule 73 of the Superior Court (1954), may be heard to complain of that violation for which they were in part responsible and to which they made no objection at the time.

The material portions of Rule 73 are as follows: "In all cases application for an extension of time for filing exceptions shall be made by a motion which shall state the name of the justice to whose opinion, ruling, direction or judgment the exceptions were alleged, the date of the verdict or finding, or of the opinion, ruling, direction or judgment excepted to, and the number of extensions that have been granted, if any, with the date of expiration of the last extension. The clerk shall notify such justice when such extension is granted by another justice.

"Time for filing exceptions shall not be extended for more than seven days without at least twenty-four hours notice to the adverse party and an opportunity to be heard."

The single justice found these facts. On November 30, 1965, counsel for the petitioner (defendant) presented a motion to extend the time within which to file its bill of exceptions informing the trial judge that he believed the motion to be drawn in accordance with Rule 73. The judge refused to entertain the motion stating that "it was too long," and told counsel for the defendant to "[s]trike out everything beyond the first sentence of the motion." On December 1, 1965, counsel presented a second motion for an

extension of time. The respondents (plaintiffs) directed the judge's attention to the fact that the motion included some information in addition to the first sentence of the previous motion. The judge then handed back the motion to the defendant's counsel. On December 2, 1965, after notice and in the presence of counsel for the plaintiffs, the defendant again presented the second motion and also a third motion consisting of a single sentence. The plaintiffs' counsel stated that he had "no objection to this motion in this form." The judge allowed the motion which was to extend the time to January 15, 1966. The defendant then asked if it might add "just the mere words," the name of the judge, the date of the verdict, and that there had been no previous extensions. The judge refused. On the same date, the defendant filed with the clerk its second motion which the judge had denied, although it conformed to Rule 73. On January 14, 1966, the judge allowed ex parte a motion further to extend the time to January 21. This motion complied with Rule 73. On January 21, 1966, the defendant filed its bill of exceptions. On January 31, the plaintiffs moved to dismiss the defendant's bill for failure to comply with Rule 73. At a later hearing the judge allowed the motion to dismiss and refused to accept the defendant's requests for rulings.

The single justice noted the quandary in which the defendant had been placed by the judge. He further noted: "Thus, the presentation of a motion in the form directed by the judge was a reasonable action especially where no objection was made by the respondents. It did not show laxity, carelessness or ignorance on the part of the petitioner's counsel. In the circumstances, not only was there a waiver of certain formal requirements of Rule 73 by the parties and the dispensing with those formalities by the judge, but the petitioner was, in effect, compelled by the judge to submit a motion which did not conform to Rule 73. To allow a judge to prevent a review of his decision by requiring a motion to extend the time for filing to be drawn in an abbreviated fashion and then to dismiss the bill of exceptions on

the grounds that the extension granted was invalid would be to sanction a flagrant miscarriage of justice."

It was ruled by the single justice that the defendant took timely exception to the dismissal of its bill of exceptions and to all subsequent adverse rulings of the judge. Further rulings by the single justice were that "the respondents were estopped to raise the noncompliance of the bill of exceptions with Rule 73 by their actions in encouraging the judge's mistaken idea of proper form and in failing to object to the allowance of the motion."

The rulings of the single justice were eminently correct in all respects. The first motion to extend the time for filing the bill of exceptions was in proper form. Rules of court have the force of law and may not be disregarded by an individual judge. *Everett-Morgan Co.* v. *Boyajian Pharmacy,* 244 Mass. 460, 462. *Kaufman* v. *Buckley,* 285 Mass. 83, 86. *Civitarese, petitioner, ante,* 310, 312. The petitioner must now be given the same rights as if the motion had been allowed. The important fundamental fact is that the judge not only insisted on an improper form of motion but the respondents stood by in apparent approval, while the petitioner was making every effort to comply with the rule.

*Respondents' exceptions overruled.*