COMMONWEALTH *vs*. LOUIS W. MARKHAM.

Berkshire. May 16, 1980. — October 29, 1980.

Present: GOODMAN, DREBEN, & KASS, JJ.

*Practice, Criminal,* New trial.

Although a judge used language in his findings on a defendant's motion for a new trial which suggested, incorrectly, that he was to be guided by whether he was convinced that the jury had reached the correct result, it was apparent from his analysis of newly offered evidence that he had in fact correctly applied the standard whether the new evidence offered created a substantial risk that a jury exposed to it would have reached a different conclusion. [651-655]

INDICTMENTS found and returned in the Superior Court on June 2, 1978.

A motion for a new trial was heard by *Alberti,* J.

*David O. Burbank* for the defendant.

*Daniel A. Ford,* Assistant District Attorney, for the Commonwealth.

KASS, J.   Upon a review of the record, we cannot say that the trial judge erred in denying the defendant's motion for a new trial (Mass.R.Crim.P. 30[b], 378 Mass. 900 [1979]). The basis of the motion was newly discovered evidence.

It is hornbook law that a motion for a new trial is directed to the sound discretion of the trial judge, informed by the statutory standard. *Davis* v. *Boston Elev. Ry.,* 235 Mass. 482, 496 (1920). *Blaikie* v. *District Attorney for the Suffolk District,* 375 Mass. 613, 618 (1978).   On review, the decision of the trial judge in denying a motion for a new trial based on newly discovered evidence will not — assuming no error of law in the application of an improper standard — be reversed "unless a survey of the whole case shows that his decision, unless reversed, will result in manifest injustice."

*Sharpe, petitioner,* 322 Mass. 441, 445 (1948). *Commonwealth* v. *Robertson,* 357 Mass. 559, 562 (1970). Where, as here, the motion judge also sat as the trial judge, he is entitled to use his knowledge of the trial and his evaluation of the witnesses and evidence at trial to assess the nature and value of the evidence presented on the motion. *Commonwealth* v. *Dascalakis,* 246 Mass. 12, 32-33 (1923). *Commonwealth* v. *Robertson,* 357 Mass. at 562. *Commonwealth* v. *DeChristoforo,* 360 Mass. 531, 543 (1971). *Commonwealth* v. *Corradino,* 368 Mass. 411, 423-424 (1975). Compare *Commonwealth* v. *Richardson,* 1 Mass. App. Ct. 348 (1973).

What removes this case from the ordinary is that the motion judge writes of a particular item of evidence offered in support of the motion, "It is apparent to the [c]ourt that this evidence may have had a significant effect on the jury if they had heard it." The evidence to which the judge refers was an affidavit by James McGarry, the police chief of Sheffield, whom the prosecution had placed on the stand as a rebuttal witness. The defendant Markham was convicted by a jury on charges of assault and battery and assault with intent to rape. His defense was an alibi: that at the very time the incident took place in Great Barrington he was in fact in Sheffield and was seen there with his car, which had become mired in a soft shoulder. The heart of the prosecution's case was an identification of the defendant by the victim as her assailant. That identification was unusually strong in that the defendant was deaf and mute and because the victim had seen him some fifteen minutes before the assault gesturing to a mutual acquaintance in a corridor leading to her apartment.

At trial, Chief McGarry had testified that at a time when several alibi witnesses said they had seen the defendant stuck in the mud with his car on Home Road in Sheffield, he had made a two mile sweep of that road and had seen neither the defendant nor his car. Chief McGarry's testimony was potent support for the prosecution's argument that the alibi witnesses must have been mistaken about when they

saw the defendant. In an affidavit accompanying the motion for a new trial, Chief McGarry said that he had in fact driven north on Home Road only to the Landis Place, a point which was seven-tenths of a mile short of where the alibi witnesses had placed the defendant.

Under Mass.R.Crim.P. 30(b), a trial judge "may grant a new trial at any time if it appears that justice may not have been done." This language substantially tracks that of G. L. c. 278, § 29, as appearing in St. 1966, c. 301, the statute which prescribed the basis for new trials prior to the effective date (July 1, 1979) of the Massachusetts Rules of Criminal Procedure. Before passage of the 1966 revision of G. L. c. 278, § 29, the inquiry on a motion for a new trial was whether "justice *has* not been done" (emphasis supplied). Although the 1966 legislation enlarged the grounds upon which a trial court judge might grant a new trial, the standard of appellate review remained the same. *Commonwealth* v. *Stout,* 356 Mass. 237, 242 (1969).

The trial judge decided to discount the importance of Chief McGarry's changed evidence for two reasons. First, he did not think it was newly discovered evidence because the defense might have cross-examined about exactly how far McGarry drove. We are inclined to think this asked too much of defense counsel, who had no reason to anticipate the McGarry testimony and in the circumstances might well have assumed that cross-examination would be futile if not counterproductive. In this sense, the case is unlike the situations in *Commonwealth* v. *DeChristoforo,* 360 Mass. at 542, and *Commonwealth* v. *Brown,* 378 Mass. 165, 170 (1979), where the new evidence came from witnesses known to the defense at trial, but whom the defense elected not to call. Second, the judge concluded that even if the McGarry revision were regarded as newly discovered evidence, "there was enough evidence against the defendant that a new trial is not needed in the interests of justice."

We do not view this as a statement by the judge that on his review of the entire trial and the proffered new evidence he was persuaded that the defendant was guilty. That is

not the proper standard. It is not the judge's conclusion as to the guilt or innocence of the defendant which determines the decision on a motion for a new trial; rather the question before the judge is whether the new evidence[1] offered creates a substantial risk that a jury exposed to that evidence would have reached a different conclusion. See *Davis* v. *Boston Elev. Ry.*, 235 Mass. at 496, in which the court wrote: "It is enough if the newly discovered evidence appears to be so grave, material and relevant as to afford a probability that it would be a real factor with the jury in reaching a decision. The motion ought not to be granted except upon proof of important evidence of such a nature as presumably would have genuine effect." So, for example, even though newly produced evidence *might*, if presented, have influenced the trier of fact to reach a different result, this does not compel the granting of the motion. *Commonwealth* v. *DeChristoforo*, 360 Mass. at 542-543. *Commonwealth* v. *Brown*, 378 Mass. at 171. It is not, however, "essential in all cases that the judge must be convinced that the verdict at a new trial would inevitably be changed by the new evidence." *Davis* v. *Boston Elev. Ry.*, 235 Mass. at 496.

Since *Davis* was written when the statutory inquiry was whether "justice has not been done" rather than whether "justice may not have been done," we may conclude that under the standard which now governs, the *Davis* criteria are to be applied with somewhat more generous predisposition. See, e.g., *Commonwealth* v. *Richardson*, 1 Mass. App. Ct. at 349, 353, in which this court held that a new trial should be given to avoid a substantial risk of a miscarriage of justice.

---

[1] To qualify for consideration as "newly discovered," the evidence offered must be material, that is, "weighty and of such nature as to its credibility, potency, and pertinency to fundamental issues in the case as to be worthy of careful consideration." *Davis* v. *Boston Elev. Ry.*, 235 Mass. at 495. It must be more than merely cumulative. *Id.* The evidence must have been unknown and unavailable during the trial. *Commonwealth* v. *Kelley*, 370 Mass. 147, 152 (1976). The moving party must demonstrate no lack of diligence in not discovering the evidence before the trial. *Davis* v. *Boston Elev. Ry.*, 235 Mass. at 496; *Sharpe, petitioner*, 322 Mass. at 444.

Although the trial judge used language in his findings on several occasions which suggested that he was to be guided by whether he was "convinced" that the jury had reached the correct result, we are satisfied from his analysis of the newly offered evidence that in reaching his decision he was applying the correct standard, i.e., whether the new evidence offered created a substantial risk that a jury exposed to it would have reached a different conclusion. He emphasized the strength of the victim's identification of the defendant, whom she first saw outside her apartment, later gesturing to her at her window and again in her room when the assault occurred. As we have noted, the defendant's severe speech impediment caused him to be especially identifiable. The judge also touched on other weaknesses in the defense case. Thus, Chief McGarry's contribution did not go to the jugular. Indeed there was nothing directly inculpatory about McGarry's testimony; its significance was limited to casting doubt on some of the defendant's exculpatory evidence.

Applying the knowledge of the case which he acquired by presiding over the trial, the judge was in the best position to assess the probable impact of the proffered evidence on a jury which heard it together with the other evidence presented. *Commonwealth* v. *Bernier,* 359 Mass. 13, 16 (1971). *Commonwealth* v. *Brown,* 378 Mass. at 172.

We conclude that the judge applied the correct standard and analyzed the potential impact of the new evidence conscientiously.

*Order denying motion for new*
*trial affirmed.*