COMMONWEALTH *vs.* NORMAND H. SOUCY.

Bristol. October 17, 1983. — February 2, 1984.

Present: HALE, C.J., DREBEN, & SMITH, JJ.

*Practice, Criminal,* Disclosure of evidence, New trial.

There was no merit to a criminal defendant's claim that his failure to file a
pretrial discovery motion as required by Mass.R.Crim.P. 14 should be
excused on the ground that the practice of law in the District Courts is
less formal than in other courts of the Commonwealth and the custom
in the District Courts is to rely on a prosecutor's representation that all
reports and statements have been produced. [472]

In a larceny case, the prosecution's failure to disclose a statement made by
a security guard of the store in which the incident in question occurred
did not require reversal of the defendant's conviction, where the state-
ment differed only slightly from the testimony of a second security
guard during the trial. [473-475]

In the circumstances, the judge in a larceny case did not abuse his discre-
tion in denying the defendant's motion for a new trial based on the
claims that testimony by a security guard, who testified at the hearing
of the motion but had not testified at the trial, was newly discovered
evidence. [475-476]

COMPLAINT received and sworn to in the Third Bristol
Division of the District Court Department on November 3,
1981.

On appeal to the jury session of the Second Bristol Divi-
sion, the case was tried before *Sheehan,* J., and a motion for
a new trial was heard by him.

*Kenneth L. Sullivan* for the defendant.

*Patricia O. Ellis,* Assistant District Attorney, for the
Commonwealth.

DREBEN, J.   The defendant was convicted of larceny of
property having a value less than one hundred dollars by a
jury of six.  He appeals, arguing that a new trial is required
because of the failure of the Commonwealth to disclose an

allegedly exculpatory and material statement of one Van B. Sandgren, a guard at the store where the incident occurred. We affirm.

The nature of the evidence which the Commonwealth is under a duty to disclose depends in part on the request for such evidence. "Where the accused has made a request for evidence sufficiently specific to place the prosecution on notice as to what the defense desires, the evidence must be disclosed even if it provides only 'a substantial basis for claiming materiality exists.' By way of contrast, where there has been no defense request whatsoever or only a general request . . ., the prosecutor must disclose only that evidence which is in fact material." *Commonwealth* v. *Wilson*, 381 Mass. 90, 108-109 & n.39 (1980), quoting from *United States* v. *Agurs*, 427 U.S. 97, 106 (1976).

The judge found, and it is conceded, that no pretrial discovery motion was made pursuant to Mass.R.Crim.P. 14, 378 Mass. 874 (1979). The defendant, nevertheless, argues that such failure should not be held against him, because the practice of law in the District Court is less formal than in other courts of the Commonwealth, and the custom in the District Court is to rely on a prosecutor's representation that all reports and statements have been produced.[1]

We unequivocally reject this contention. Mass.R.Crim.P. 1(b), 378 Mass. 842 (1979), specifically states that the rules "govern the procedure in all criminal proceedings in the District Court" as well as in the Superior Court. Counsel may not, by adopting certain practices, decide when the rules may be ignored with impunity. "Rules of court are indispensable to the orderly and efficient conduct of a court's business. They are not to be set aside" by counsel, *Commonwealth* v. *Cooper*, 356 Mass. 74, 79 (1969), or disregarded by a judge, *Empire Apartments, Inc.* v. *Gray*, 353 Mass. 333, 337 (1967).

---

[1] The defendant does not even contend that the prosecutor made such a representation.

We therefore apply the standard applicable where there has been no request and determine whether the Commonwealth failed to disclose evidence which was in fact material. *Commonwealth* v. *Wilson,* 381 Mass. at 109-110. Our task, under that standard, is to consider, "in the context of the entire record," whether Sandgren's statement creates "a reasonable doubt that did not otherwise exist." *Commonwealth* v. *Jackson,* 388 Mass. 98, 110 (1983), quoting from *United States* v. *Agurs,* 427 U.S. at 112. We agree with the trial judge that it did not.

The Commonwealth produced two witnesses at trial. John Lucas, a special police officer and a security guard for Mars Bargainland, a store in New Bedford, testified that on the morning of November 3, 1981, after performing his daily task of cleaning the counters of damaged merchandise and empty packages, he heard a "blister package"[2] being opened and saw the defendant opening a package containing a gear shift knob and other accessories. He saw the defendant open four other blister packages, remove their merchandise and put the items in his pockets. The items taken from the five packages were: a gear shift knob, screws, a vial of green lubricant, a decoy locking mechanism, two anti-theft locking pins, and license plate fasteners. Lucas followed the defendant through the men's department, and then to the main entrance area, where he motioned to Van B. Sandgren, a uniformed guard, to go outside the doors. Lucas testified that, after the defendant pushed the door open and stepped over the threshold, Lucas identified himself, but the defendant continued to attempt to leave the store. With the aid of Sandgren, Lucas placed handcuffs on the defendant, told him he was under arrest, forcibly escorted him to the manager's office, and gave him Miranda warnings. Lucas then searched the defendant for weapons and the store's merchandise. After finding in the defend-

---

[2] He defined a blister package as a cardboard backing having a clear plastic bubble. The bubble permits the merchandise to be visible while remaining attached to the cardboard.

ant's pockets the items which he had seen the defendant remove from the five blister packages, Lucas asked the store manager to go into the automotive department to retrieve the empty packages.

The other Commonwealth witness was the store manager. He testified that he picked up five empty packages corresponding to the items found on the defendant and brought them to the office.

The defendant took the stand and claimed that he had purchased some of the items elsewhere, that when he was apprehended he was on his way to the telephone which was adjacent to the entrance, and that he had intended to return to the service counter of the store.

At the hearing on the defendant's motion for a new trial, Sandgren testified that on the afternoon of the day of the incident he had given a written report to Lucas. Lucas then testified that he had not given the report to the district attorney at the jury of six session but he may have informed the district attorney at the bench trial of its existence. Even if neither prosecutor had been aware of the report, the duty to disclose would extend to material in the possession of Lucas, a person who actively participated in the investigation and evaluation of the case and who reported to the prosecutor with reference to this particular matter. *Commonwealth* v. *St. Germain*, 381 Mass. 256, 261 & n.8 (1980).

Sandgren's report, which is reproduced in the judge's decision denying the motion for a new trial, states, "As I was standing near the *in* door, our security officer [Lucas] motioned me to assist him in making an apprehension [emphasis original] . . . . I immediately went out the (in) door and confronted the man on his way out the (out) door ready to open it." It also states: "The man resisted to a certain extent." Lucas, it will be recalled, had testified at trial that the defendant had stepped over the threshold and had resisted apprehension. Sandgren's written report, while differing slightly from Lucas' version, did not impeach Lucas' testimony and hence was not exculpatory on its face. In any

event, it was not material in fact. The motion judge, who was also the trial judge, correctly concluded that the report was not sufficient to raise a reasonable doubt as to the defendant's guilt that did not otherwise exist. *Commonwealth* v. *Jackson,* 388 Mass. at 111. Disclosure was advisable. See *Commonwealth* v. *St. Germain,* 381 Mass. at 262 n.10; *Commonwealth* v. *Baldwin,* 385 Mass. 165, 173 (1982). It was not required.

The defendant also claimed that the evidence of Sandgren, who testified at the hearing on the motion for a new trial, was newly discovered evidence.[3] Sandgren's testimony differed from his report and, as the judge found, also differed from the testimony of Lucas.[4] Sandgren, departing from his written report, testified that he had taken a position immediately inside the store with the exit door behind him and that the defendant was five or six feet in front of him. He also testified, at variance again from his written statement, that the defendant had not resisted.

While the defendant urges that Sandgren's testimony negates the inference that the defendant intended to leave

---

[3] The defendant did not appeal separately from the denial of his motion for a new trial. This was not technically correct, as the hearing on the motion, although concerning only the evidence of Sandgren, involved (1) the question of the prosecutor's duty of disclosure (Sandgren's report), a proper ground of appeal from the verdict, and (2) a claim of newly discovered evidence (Sandgren's testimony). The denial of the second claim should have been appealed separately from the appeal of the judgment. Since the parties and judge treated the motion as a hybrid one, containing both a claim that material should have been disclosed at trial and an additional ground claiming newly discovered evidence, we will consider both claims appropriate for review. See *Richardson* v. *United States,* 360 F.2d 366, 369 (5th Cir. 1966); *United States* v. *Burns,* 668 F.2d 855, 858 (5th Cir. 1982); *Government of Virgin Islands* v. *Joseph,* 685 F.2d 857, 863 n.3 (3d Cir. 1982). See also 3 Wright, Federal Practice and Procedure § 559, at 367 (2d ed. 1982). Cf. *Commonwealth* v. *St. Germain,* 381 Mass. at 262 n.9; *O'Connor* v. *City Manager of Medford,* 7 Mass. App. Ct. 615, 618 (1979).

[4] An additional ground supporting the denial of the motion for a new trial, not reached by the motion judge, is that this evidence can hardly be considered newly discovered, that is, unavailable and unknown at the time of trial, as Sandgren was present at the defendant's arrest.

the store, the trial judge, who was familiar with Lucas' testimony and the other evidence at trial, concluded that "Sandgren's testimony and his report considered together with the testimony offered at the trial, did not create any reasonable doubt as to the defendant's guilt that did not otherwise exist." Not only do we attach considerable importance to this conclusion of the judge who had first hand knowledge of the case, but we are mindful that the granting of a new trial on the ground of newly discovered evidence rests in the sound discretion of the judge and the decision will not be reversed unless it will result in manifest injustice. *Commonwealth* v. *Brown*, 378 Mass. 165, 170-171 (1979). There is no such injustice here.

Contrary to the defendant's suggestion, the judge, in applying the standard of materiality applicable to the duty of the prosecutor to disclose evidence, did not require the defendant to meet a more severe burden than is applicable for a motion for a new trial on the ground of newly discovered evidence. See *Commonwealth* v. *Markham*, 10 Mass. App. Ct. 651, 654 (1980) ("substantial risk that a jury exposed to that evidence would have reached a different conclusion"). We note that in that case, upon which the defendant heavily relies, the impeaching testimony was far more damaging than in the case at bar, and that the denial of a new trial was upheld. See also *Commonwealth* v. *Toney*, 385 Mass. 575, 581 (1982) (newly discovered evidence that tends merely to impeach the credibility of a witness will not ordinarily be the basis of a new trial).

*Judgment affirmed.*

*Order denying motion for a new trial affirmed.*