Banks, J.
The plaintiff filed this petition to establish its draft report pursuant to Dist./Mun. Cts. R. Civ. P., Rule 64(c) (5) on the grounds that no action was taken on the plaintiff s draft report within three months of the filing thereof. See Brown v. Quinn, 1987 Mass. App. Div. 215, aff'd 27 Mass. App. Ct. 288 (1989), aff'd 406 Mass. 641 (1990).
The record indicates, however, that the draft report in question was voluntarily withdrawn and that the plaintiffs appeal to this Division is no longer viable.
The docket entries set forth the relevant procedural chronology. On October 1, 1991, judgment was entered for the plaintiff under Count I of its complaint (breach of contract) in the amount of $15,7400.00 plus interest and costs. Counts II (quantum meruit) and Ill (services, labor and materials) ofthecomplaintwere dismissed in light of the court’s finding on Count I.
On the tenth day after judgment, October 11, 1991, the plaintiff timely filed a draft report challenging the trial courf s failure to award the plaintiff additional damages in quantum meruit. Conversely, no request for report, draft report or motion for an extension of time was seasonably filed by the defendants to obtain appellate review ofthe court’s finding and judgment against them. Pursuant to Dist./Mun. Cts. R Civ. P., Rule 64(c) (1) (i) and (ii), both the initial ten day time period prescribed for filing an appeal to this Division and the subsequent ten day time period permitted for filing a motion for an extension expired on Monday, October 21, 1992, with no action having been taken by the defendants. See, as to computation of time periods under the Rule, Eastern Tank of Peabody v. Moore, 1986 Mass. App. Div. 58, 59.
OnTuesday, October 22, 1992, the plaintiffvoluntarily withdrew its draft report. In an affidavit attached to a later motion, plaintiffs counsel indicated that the plaintiffs decision not to prosecute its appeal to this Division was based solely on the defendants’ apparent decision not to appeal the trial court’s judgment as evidenced by the defendants’ failure to comply with the filing time requirements of Rule 64.
On October 25, 1992, three days after the expiration of all applicable time periods, the defendants filed a “Motion for Enlargement of Time to Submit a Request for Report and Draft Report.” This motion was improperly allowed. The plaintiff thereafter filed a motion to strike the defendants’ extension motion and a motion for reconsideration of the court’s allowance of the defendants’ extension motion. The plaintiffs motions were denied at a hearing on November 22, 1991, when the court improperly allowed a second motion by the defendants for an additional extension of time to file a draft report.
*84 On December 18, 1991, the plaintiff filed a motion to revoke its previous withdrawal of its draft report and to restore the same to the docket.[2] Said motion was allowed on December 27, 1991 by another judge of the trial court sitting in a motion session. On January 6, 1992, the plaintiff filed the petition to establish which is now before us.
1. The dismissal of an appeal on an appellant’s own motion will generally be allowed and enforced by an appellate court, see, e.g. Goldman v. Kane, 3 Mass. App. Ct. 336, 342 (1975), which will treat as waived that which the party has voluntarily waived. Williamstown Sav. Bank v. Hoskins, 321 Mass. 751 (1947). In withdrawing its draft report subsequenttotheexpirationofthetimeperiod prescribed forrequestingaRule 64 report, the plaintiff effectively forfeited all rights to an appeal to this Division. Rule 64 proceedings were then terminated, and the status of the action was equivalent to that of a cause in which no request for report had been made.
Even assuming arguendo that the plaintiff endeavored as early as the November 22, 1992 hearing to revoke its draft report withdrawal, such effort to resurrect a moribund appeal came too late. No provision of Rule 64 may be construed as authorizing a nunc pro tunc revival of a draft report fifty-two days after the entry of judgment, and thirty-one days after the aggrieved party unilaterally extinguished its own appellate rights. This Division strives to interpret and enforce the mandates of Rule 64 “in favor of preserving rights of appeal where [such] result is technically possible and does not work unfair prejudice to other parties.” Krupp v. Gulf Oil Corp., 29 Mass. App. Ct. 116, 121 (1990). It is not “technically possible”, however, to circumvent the time strictures of Rule 64 (c) which are jurisdictional or in the nature of a statute of limitations for the initiation and prosecution of an appeal. See Cape Cod Bank & Tr. Co. v. LeTendre, 384 Mass. 481, 484 (1981), citing Schulte v. Director of Div. of Employ. Sec., 369 Mass. 74, 78-80 (1975). See also, Brown v. Quinn, supra, 406 Mass, at 643-644. The plaintiffs November 22, 1991 requestto revoke its draft report withdrawal and to restore its draft report upon the docket was the functional equivalent of a request for a report and draft report submitted thirty days after the expiration of the time prescribed for filing an appeal to this Division. The plaintiffs petition to establish such untimely draft report must be denied. Calcagno v. P.H. Graham & Sons Co., 313 Mass. 364, 367 (1943). Kaps, Inc. v. Sherman, 1983 Mass. App. Div. 24, 25.
2. Although our decision is adverse to the plaintiff, we note that the plaintiffs actual interests will not be prejudiced or frustrated by the denial of its petition to establish a draft report. The plaintiff was the prevailing party in the trial court, and candidly concedes that both its initial draft report filing and subsequent efforts to revive its Rule 64 appeal were essentially procedural maneuvers strategically designed to anticipate and counter any move by the defendants to contest the trial court’s judgment. The plaintiff’s position is, as a practical matter, analogous to that of a parly whose waiver of his cross-appeal is contingent upon the court’s overruling the exceptions of the opposing party. See Towner v. Melrose, 305 Mass. 165, 169 (1940); Souza v. Becker, 302 Mass. 28, 32 (1939). The plaintiff waived or withdrew its appeal to this Division at that procedural point when the time strictures of Rule 64 effectively precluded any appeal to this Division by the defendants. The plaintiff was correct in its calculations. The defendants’ two motions for extensions of time for draft report filing were submitted after the expiration of the period prescribed by Rule 64(c) (1) (ii) for such motions, and the trial court’s allowance of such motions was thus a nullity. Locke v. *85 Slater, 387 Mass. 682, 686 (1982); Donovan v. The Berkshire Gas Co., 1984 Mass. App. Div. 109, 110. In short, neither party has properly effected an appeal of the trial court’s judgment for the plaintiff in this matter.
Petition denied.

As grounds for its December 18, 1991 motion, the plaintiff contended that the trial judge had accepted the plaintiffs revocation of its earlier draftreport withdrawal, and had ordered the draft report restored upon the docket atthe November 22, 1991 hearing. The docket reflects neither this alleged order, nor a motion by the plaintiff at that time to restore its previously withdrawn draft report. In any event, as the trial court s restoration of the plaintiff s draft report to the docket was improper on either date, the specific date of such action is not germane to our disposition of the plaintiffs petition to establish.