NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

17-P-1046                                      Appeals Court


COMMONWEALTH  vs.  PATRICK COELHO.


No. 17-P-1046.      October 18, 2019.


Rules of Criminal Procedure.  Practice, Criminal, Affidavit,
     Sentence.  Evidence, Guilty plea.


     Within sixty days of pleading guilty and being sentenced, the defendant filed a motion to revise or revoke pursuant to Mass. R. Crim. P. 29, as appearing in 474 Mass. 1503 (2016). Accompanying the motion was an affidavit of counsel.  Neither the motion nor the affidavit disclosed the basis for invoking the rule.  More than three years later, the defendant filed a supplemental motion to revise or revoke.  The same judge who sentenced the defendant denied the motion, and the defendant appealed.  We do not consider the defendant's claims on appeal because we hold that the motion to revise or revoke was untimely and not properly before the trial court.

     Background.  Shortly before noon on August 1, 2011, the defendant drove his parents' Mercedes automobile through the town of Dartmouth, speeding and tailgating other vehicles. After hitting a motorcycle, the defendant continued until he also hit a Toyota Corolla.  When his own vehicle became disabled, the defendant got out of the vehicle and walked away. Witnesses pointed him out to police, who arrested him.  The operators of the other two vehicles involved were taken to the hospital.  The motorcyclist died within approximately one-half hour of the collision.  On March 18, 2013, the defendant pleaded guilty to charges stemming from the incident.  Upon disparate sentencing recommendations, the judge sentenced the defendant to an aggregate of from fifteen to eighteen years of imprisonment,

followed by a two-year period of probation.[1]  On May 7, 2013, the defendant, through plea counsel, filed a motion to revise or revoke with only an affidavit of counsel attached.[2]  On August 30, 2016, the defendant, now through appellate counsel, filed a supplemental motion to revise or revoke, along with affidavits from both the defendant and appellate counsel, an expert report, and a memorandum of law.  The basis for the motion was that the defendant received ineffective assistance of counsel at sentencing, the sentencing judge was not impartial, and the defendant's sentence was disproportionate to the crime.  In general, he sought to reduce the committed portion of his sentence by more than half.

Discussion.  Rule 29 (a) (2) of the Massachusetts Rules of Criminal Procedure affords defendants an avenue to obtain revision or revocation of an "[u]njust [s]entence[]," by filing a motion within sixty days of sentencing.[3]  The rule also

---

[1] The defendant was sentenced to from twelve to fifteen years for manslaughter; a consecutive sentence of from three years to three years and one day for leaving the scene of an accident resulting in death; a concurrent sentence of from three to five years for operating under the influence, fourth offense; and two years of probation, on and after the committed portion of his sentence, for leaving the scene of an accident with personal injury.

[2] The motion stated that the defendant was moving to revise or revoke, that an affidavit of counsel was attached, and that he "reserve[d] the right to file a supplemental affidavit," and requested that "no immediate action be taken."  The affidavit stated that the attorney was counsel of record admitted to practice within the Commonwealth, that the defendant pleaded guilty and was sentenced to a term of incarceration, and that the motion was filed "for no immediate action at this time."

[3] Rule 29 (a) (2) provides:

"The trial judge, upon the judge's own motion, or the written motion of a defendant, filed within sixty days after the imposition of a sentence or within sixty days after issuance of a rescript by an appellate court on direct review, may, upon such terms and conditions as the judge shall order, revise or revoke such sentence if it appears that justice may not have been done."

requires that the motion be supported by affidavit.[4]  Unlike many other court filing deadlines, the sixty-day deadline for filing may not be enlarged.  See Mass. R. Crim. P. 46 (b), 378 Mass. 922 (1979) (providing for enlargement of time, except for motions under rules 25 and 29).  See also Commonwealth v. Callahan, 419 Mass. 306, 308 (1995) (sixty-day time limit in rule 29 is "absolute and may not be extended").

Although the defendant here did file a rule 29 motion and affidavit within the required sixty-day time frame, this was not the motion on which the judge acted.  Nor was it intended to be. The motion recited no grounds, the affidavit provided no factual support, and the defendant sought no action from the court. Thus, the papers filed by the defendant within the sixty-day deadline served no purpose but to act as a placeholder for the motion that was actually meant to be filed and acted on at a later time (here, three years later), well beyond the sixty-day deadline.  The defendant acknowledges as much, arguing that "[t]his type of 'placeholder' motion under Mass. R. Crim. P. 29[](a) is common in the trial court," and that for this court to reject it "would be to invalidate said common practice."

We need not consider the validity of this practice at this point because the Supreme Judicial Court did so more than fifteen years ago in Commonwealth v. DeJesus, 440 Mass. 147 (2003).[5]  There, the defendant filed a rule 29 motion within the sixty-day time frame but provided no reason why it was filed.  Id. at 148-149.  Instead, the motion stated that the defendant relied on the affidavit to be filed prior to the hearing.  Id. at 149.  A supporting affidavit and request for hearing were not filed until eighteen months later.  Id.  The court held that the motion that was filed within the sixty-day

---

[4] Rule 29 (b) provides:

"If a party files a motion pursuant to this rule, the party shall file and serve, and the other party may file and serve, affidavits in support of their respective positions. The judge may deny a motion filed pursuant to this rule on the basis of facts alleged in the affidavits without further hearing."

[5] Then, too, the Commonwealth alleged that "defense lawyers throughout the Commonwealth routinely file motions to revise and revoke a sentence without supporting affidavits, then wait for favorable circumstances to materialize before filing the affidavit."  DeJesus, 440 Mass. at 150 n.5.

deadline was "devoid of any support" and so was inadequate for purposes of rule 29.  Id. at 148.

The defendant seeks to distinguish his case from DeJesus by pointing out that he, unlike the defendant in DeJesus, did file an affidavit within the required timeline.  Yet, the Supreme Judicial Court did not reject the defendant's motion simply because it was unaccompanied by affidavit.  Rather, the court held that, "to be properly filed, a motion to revise or revoke must be accompanied by an affidavit, or otherwise indicate the grounds on which it is based" (emphasis added).  DeJesus, 440 Mass. at 152.  Thus, the court contemplated that the affidavit would indicate the grounds on which the motion was based.  Indeed, the rule presumes that the affidavit will support the defendant's position.  See Mass. R. Crim. P. 29 (b) ("party shall file and serve . . . affidavit[] in support of [his] . . . position[]").  See also DeJesus, supra (rule 29 "affidavit . . . is intended to identify such facts that would warrant the allowance of the motion").

Here, the defendant's affidavit neither supported his position nor "indicate[d] the grounds on which [the motion was] based."  DeJesus, 440 Mass at 152.  As a result, despite being timely filed, the affidavit left the motion "devoid of any support."[6]  Id. at 148.  As in DeJesus, the defendant's filing was inadequate for purposes of rule 29 and therefore not properly before the trial court.  See id.

or

> Order entered July 7, 2017, denying motion to revise revoke vacated.

Max Bauer (Veronica J. White also present) for the defendant.
Robert P. Kidd, Assistant District Attorney, for the Commonwealth.

---

[6] The defendant suggests that his groundless rule 29 motion and affidavit may be saved by his explicit reservation of right to file a supplemental affidavit.  Yet, a party cannot reserve what is not the party's right to do.  See Clark, petitioner, 34 Mass. App. Ct. 191, 194 (1993) (defendant and prosecutor cannot make binding agreement to waive sixty-day deadline under rule 29).  See also Commonwealth v. Barclay, 424 Mass. 377, 378, 380 (1997) (judge could not contravene rule 29, even though both parties probably invited judge to do so).