COMMONWEALTH vs. JUSTIN GORDON. May 26, 1982. The trial judge granted the defendant's motion for new trial. Mass.R.Crim.P. 30(b), 378 Mass. 900 (1979). The Commonwealth appeals, claiming that the judge misstated the evidence on two points.

A motion for new trial is addressed to the judge's discretion. *Blaikie* v. *District Atty. for the Suffolk Dist.*, 375 Mass. 613, 618 (1978). Reversal for abuse of that discretion is "extremely rare," *Commonwealth* v. *Johnson, ante* 10, 19 (1982), especially where, as here, the motion judge was also the trial judge (as rule 30[b] requires, except in cases subject to Mass.R.Crim.P. 38[c], 378 Mass. 916 [1979]) and "is entitled to use his knowledge of the trial and his evaluation of the witnesses and evidence at trial" in reaching a decision. *Commonwealth* v. *Markham*, 10 Mass. App. Ct. 651, 652 (1980).

The trial judge's detailed, well reasoned memorandum lists several reasons for his grave misgivings as to the correctness of the victim's identification of the defendant as her assailant. His alleged errors are not among those reasons but appear earlier in his narrative of the evidence. It is apparent on the face of the memorandum that the contested evidence was not central to the judge's decision and that his conclusion would have been the same even if the evidence was as the Commonwealth alleges. Moreover, there was contradictory evidence on the points raised by the Commonwealth, and the judge's recitation cannot be said to be without support in the evidence on those points. The trial judge is in a better position than we to assess that evidence and decide whether "justice may not have been done." Mass.R.Crim.P. 30(b). Compare *Markham, supra,* with *Commonwealth* v. *Richardson*, 1 Mass. App. Ct. 348, 349 (1973).

*Order granting new trial
affirmed.*

*John G. Landes*, Assistant District Attorney (*Stephen R. Kaplan*, Assistant District Attorney, with him) for the Commonwealth.
*Michael A. Ponsor* for the defendant.