## COMMONWEALTH vs. REGINA LEAVITT.

Suffolk.  September 10, 1985. — November 5, 1985.

Present: BROWN, KASS, & WARNER, JJ.

*Practice, Criminal*, New trial, Discovery. *Perjury. Evidence*, Relevancy
and materiality.

A defendant convicted of perjury for falsely testifying before a grand jury
that certain closed accounts receivable ledger cards maintained by a
provider of medical supplies had been destroyed before she had received
a subpoena from the grand jury was not entitled to a new trial based on
a claim that newly discovered evidence, a computer printout in the
possession of the Department of Public Welfare, containing some of the
information appearing on the missing ledger cards, thereby made the
ledger cards immaterial to the grand jury's investigation. [86-87]

A defendant convicted of perjury for falsely testifying before a grand jury
that certain closed accounts receivable ledger cards maintained by a
provider of medical supplies had been destroyed before she had received
a subpoena for their production before the grand jury was not entitled
to a new trial based on a claim that the prosecutor had withheld excul-
patory evidence, a computer printout in the possession of the Department
of Public Welfare containing some of the information appearing on the
missing ledger cards and showing that payments made had been au-
thorized by the department, where there was nothing in the record to
show that any request for discovery made by the defendant had not been
honored, and where the printout only posed the possibility that the
defendant lacked motive to perjure herself. [87-89]

INDICTMENT found and returned in the Superior Court De-
partment on July 7, 1981.

Following decision by this court, 17 Mass. App. Ct. 585
(1984), a motion for a new trial was heard by *John T. Ronan, J.*

*Alan M. Dershowitz* for the defendant.

*Paul Cirel*, Assistant Attorney General, for the Common-
wealth.

BROWN, J.  The defendant was convicted of perjury arising from her testimony before a grand jury.[1] In her capacity as president of Hospital Equipment Services, Inc. (HES), a company which rented and sold durable medical equipment and supplies, the defendant appeared before the grand jury and gave testimony relating to her failure to produce certain subpoenaed business records. Those records were the closed accounts receivable ledger cards which HES maintained on each patient account.

In this court's decision affirming the defendant's perjury conviction (see *Commonwealth* v. *Leavitt*, 17 Mass. App. Ct. 585 [1984]), we concluded that "[t]he focus of the grand jury's investigation was the receipt and retention by HES of excess payments for equipment sold or leased. To that inquiry the closed ledger cards were highly relevant. . . . [t]he closed ledger cards would display more prominently *than any other record* the writing off of à credit balance created by an excess payment" (emphasis supplied). *Id.* at 587. The defendant now claims to have discovered that there has been in the possession of the Department of Public Welfare (DPW), the agency which administers the Medicaid program, a computer printout which contains information on HES patient accounts identical to that posted on the missing ledger cards, thereby making the ledger cards immaterial to the grand jury investigation. Her motion for a new trial based upon the discovery of this new evidence was denied. This appeal is from that denial.

Absent some manner of constitutional error, the decision of a judge upon a motion for a new trial on the basis of newly discovered evidence commonly rests upon the exercise of sound judicial discretion. *Sharpe, petitioner*, 322 Mass. 441, 444 (1948). Reversal for abuse of that discretion is extremely rare, especially where, as here, the motion judge was also the trial judge. *Commonwealth* v. *Gordon*, 13 Mass. App. Ct. 1085 (1982). The question before the motion judge is "whether the

---

[1] Leavitt was also convicted on an indictment charging her with contempt. That conviction was reversed. *Commonwealth* v. *Leavitt*, 17 Mass. App. Ct. 585 (1984).

new evidence offered creates a substantial risk that a jury exposed to that evidence would have reached a different conclusion." *Commonwealth* v. *Markham*, 10 Mass. App. Ct. 651, 654 (1980). On review, the judge's decision will not — assuming no error of law in the application of an improper standard — be reversed "unless a survey of the whole case shows that his decision, unless reversed, will result in manifest injustice." *Commonwealth* v. *Markham*, 10 Mass. App. Ct. at 651-652, quoting from *Sharpe, petitioner*, 322 Mass. at 445. *Commonwealth* v. *Robertson*, 357 Mass. 559, 562 (1970).

The defendant argues that the existence of the printout rendered the missing ledger cards duplicative and, therefore, immaterial to the grand jury investigation.[2] " To sustain a conviction for perjury, the false testimony, must be given 'in a matter material to an issue or point in question.' G. L. c. 268, § 1." *Commonwealth* v. *Borans*, 379 Mass. 117, 135 (1979). Materiality in respect of perjury means relevance in the sense that the answer might tend in reasonable degree to affect some aspect or result of the inquiry. The test of relevancy and materiality is not whether the false testimony did in fact influence the pertinent determination. Rather, the test is whether, viewed objectively, the testimony directly or circumstantially had a reasonable and natural tendency to do so. *Commonwealth* v. *McDuffee*, 379 Mass. 353, 360 (1979). *Commonwealth* v. *Perreault*, 13 Mass. App. Ct. 1072, 1073 (1982). Consistent with this test we harbor no doubt that the ledger cards and false testimony were material to the investigation, notwithstanding the computer printouts. See *Commonwealth* v. *Leavitt*, 17 Mass. App. Ct. at 592-593.[3]

---

[2] As our decision does not turn on whether the printout qualified for consideration as newly discovered evidence, we pass that threshold question. See, e.g., *Commonwealth* v. *Markham*, 10 Mass. App. Ct. at 654 n.1, and cases cited. We likewise do not discuss whether the defendant has demonstrated, as she is required, "no lack of diligence in not discovering the evidence before the trial." *Ibid.*

[3] In affirming on appeal the defendant's conviction of perjury on two counts, this court held specifically that there was no error in the determination that the testimony was material to the investigation at hand. *Commonwealth* v. *Leavitt*, 17 Mass. App. Ct. at 592-593.

The ledger cards provided evidence of all debits (e.g., sales and services rendered) and all credits (payments). Entries appeared on the patient ledger card regardless of whether the payment came from Medicaid, Medicare, or the Massachusetts Rehabilitation Commission. On the other hand, the printout only identifies payments, and, in addition, only those made by Medicaid. That the printout makes reference to the invoice on which the payment was requested by HES is hardly proof that the alleged service was in fact rendered. Nor does an approval of payment establish that HES delivered the service or equipment to which the approval refers. Moreover, the DPW printout does not address one of the major areas of investigation, i.e., whether payment was also received by HES for the same service from another insurer, such as Medicare. The HES accounts receivable ledger cards depict more fully each patient's total account. The cards manifest what the company knew about the services it delivered, what payments it received and what it did with those payments. The printout on the other hand contains no information that demonstrates HES's knowledge of billings, or its procedures and actions when duplicate payments were received. The DPW printout could not be substituted in any meaningful manner for the ledger cards. The materiality of the ledger cards, vis-à-vis the printout, is evident.

In addition, even if the documents were identical, and we do not think they are, the materiality of the defendant's false testimony cannot be measured in terms of what other evidence was or could have been available to the grand jury. "[M]ateriality refers to the connection between the words said only by the accused, and the objective of the investigation; other testimony which the grand jury has heard . . . is therefore irrelevant to the determination of materiality." *Commonwealth* v. *Borans,* 379 Mass. at 137.

The defendant makes the subsidiary claim that the printout was newly discovered evidence withheld by the prosecutor, and that because it was material exculpatory[4] evidence a new

---

[4] We note in passing that the defendant's trial counsel made no contention that the printouts were exculpatory. To the contrary, it is plain from his letter

trial is required. When presented with a question of prosecutorial nondisclosure, we must determine whether the omitted evidence is of sufficient materiality to call for a new trial. See *Brady* v. *Maryland,* 373 U.S. 83, 87 (1963); *United States* v. *Agurs,* 427 U.S. 97, 107 (1976); *United States* v. *Imbruglia,* 617 F.2d 1, 4 (1st Cir. 1980).

In making that determination courts have established different criteria for examining prosecutorial nondisclosure. Where, as here, the defendant either has made no request or only a general request,[5] any information not revealed by the prosecutor will be deemed to be material only if "the omitted evidence creates a reasonable doubt that did not otherwise exist." *Commonwealth* v. *Collins,* 386 Mass. 1, 9-10 (1982). *United States* v. *Imbruglia,* 617 F.2d at 5. *United States* v. *Agurs,* 427 U.S. at 112-113.

The defendant bases her contention that the printout was material exculpatory evidence on the ground that it "led to further evidence directly rebutting the evidence used by the Commonwealth as evidence of [the] defendant's motive to commit perjury." It is asserted that this "further evidence" would show that all payments had been authorized by the DPW. A defendant is required to exert due diligence in seeking such evidence. *Sharpe, petitioner,* 322 Mass. at 444. Apart

requesting discovery material that he did not consider the printouts to be exculpatory. In any event, nothing in our decision here turns on how trial counsel might have viewed the printouts.

[5] The defendant's claim that "multiple specific pretrial requests" were made lacks adequate record support. The only support is found in a letter by her attorney requesting "a printout" and the affidavit of the defendant in support of her motion for a new trial, wherein she claims that her request for a copy of the printout was refused by Joseph Lopiccolo, an investigator for the Commonwealth. She also asserts that a subsequent request to the Department of Public Welfare was refused. The motion judge, of course, was not obliged to accept her affidavit as true. *Commonwealth* v. *DeChristoforo,* 360 Mass. 531, 543 (1971). The letter and the affidavit hardly indicate a diligent effort to obtain the printout in question. The record reflects that the printout was available at the time of trial. Prior to the pretrial conference date, the defendant was made aware that the Commonwealth had in its possession a computer printout which reflected with great specificity "duplicate payments for similar items." Moreover, the defendant referred to a printout in her trial testimony.

from the fact that it has not been made to appear on this record that any request for discovery was not honored,[6] we have already noted that double authorizations are not necessarily proof that the services were in fact rendered. The printout only poses the possibility that the defendant lacked motive. We do not think that this suggestion is sufficient to create a "reasonable doubt that did not otherwise exist." *Commonwealth* v. *Collins,* 386 Mass. at 9-10. *United States* v. *Imbruglia,* 617 F.2d at 5. "[E]ven though newly produced evidence *might,* if presented, have influenced the trier of fact to reach a different result, this does not compel the granting of the motion" (emphasis original). *Commonwealth* v. *Markham,* 10 Mass. App. Ct. at 654. *Commonwealth* v. *DeChristoforo,* 360 Mass. 531, 542-543 (1971). *Commonwealth* v. *Brown,* 378 Mass. 165, 171 (1979). There was no abuse of discretion in denying the defendant's motion for a new trial.

In her reply brief the defendant argues that the motion judge improperly denied her "Motion for Leave to File Additional Documents in Support of Motion for New Trial." In light of our discussion above it follows that the defendant could not have been harmed by the denial of that motion nor by the denial of the defendant's "Motion to Enlarge Time for Filing Subpoenaed Documents." The orders denying those motions and denying the motion for new trial are affirmed.

*So ordered.*

---

[6] To the contrary, the Commonwealth's trial counsel asserted that all printouts in the possession of the Commonwealth were made available to the defendant prior to trial.