EDWARD E. LEAVITT & others[1] *vs.* JUDITH H. MIZNER & others.[2]

Suffolk. October 5, 1988. — February 13, 1989.

Present: HENNESSEY, C.J., WILKINS, LIACOS, LYNCH, & O'CONNOR, JJ.

*Practice, Civil*, Summary judgment, Appeal. *Attorney at Law*, Malpractice. *Practice, Criminal*, New trial.

A judge's order denying a motion for summary judgment in a civil action is reviewable on an interlocutory appeal under G. L. c. 231, § 118, first par. [87-88]

On malpractice claims against several attorneys and a law firm, by plaintiffs alleging that the defendants had negligently failed to obtain certain affidavits in connection with a motion for a new trial in a perjury case, the defendants were entitled to summary judgment, where the materials before the judge in the civil action established, for summary judgment purposes, that, even if the affidavits had been properly obtained and presented in the criminal proceeding, the information contained therein would not have constituted newly discovered evidence warranting the judge in granting a new trial [88-90], and, moreover, would not have enhanced the weight or reliability of any other evidence considered in connection with the motion for a new trial [90-92].

CIVIL ACTION commenced in the Superior Court Department on September 25, 1986.

Motions for summary judgment were heard by *Paul K. Connolly*, J.

---

[1] Regina Leavitt and Hospital Liquidating, Inc.

[2] Hale and Dorr, alleged to be a "partnership including professional corporations," Silverglate, Gertner, Baker, Fine & Good, alleged to be an "association of attorneys," Robert D. Keefe, Alan M. Dershowitz, Nancy Israel, and Johanna D. Drooz Yoffie. Hale and Dorr, Robert D. Keefe, and Nancy Israel are not parties to this appeal. Silverglate, Gertner, Baker, Fine & Good does not argue that it is not properly before the court as a party defendant.

Leave to appeal was granted in the Appeals Court by *Charlotte Anne Perretta*, J. The Supreme Judicial Court transferred the case on its own initiative.

*Arthur Goldstein* for the plaintiffs.

*Regina E. Roman* (*Edward J. Barshak* with her) for Alan M. Dershowitz.

*William E. Bernstein* (*C. Donald Briggs, III*, with him) for Johanna D. Drooz Yoffie.

*Andrew Good* for Judith A. Mizner & another, submitted a brief.

O'CONNOR, J. The plaintiffs commenced this case by filing a complaint containing fourteen counts, alleging malpractice and violation of G. L. c. 93A (1986 ed.), against five attorneys and two law firms. The defendant Yoffie filed a motion for summary judgment and the other defendants filed motions which the judge who ruled on them treated as motions for summary judgment. The plaintiffs filed several motions for summary judgment as well. The judge denied the plaintiffs' motions and allowed the motions of the defendants Attorneys Keefe and Israel, and the law firm Hale and Dorr. This appeal does not involve those parts of the judge's order, nor does it involve those defendants. The judge substantially denied the summary judgment motions filed by the defendants Attorneys Mizner, Dershowitz, and Yoffie, and the law firm Silverglate, Gertner, Baker, Fine & Good. Those defendants have appealed.

The portion of the plaintiffs' complaint that survived summary judgment and which is the subject of this appeal consists of six counts alleging legal malpractice. The thrust of the six counts is that the defendants named therein negligently represented the plaintiff Regina Leavitt in connection with a motion for a new trial filed on her behalf after she had been convicted of perjury. That motion was heard and denied by the judge who had presided at the perjury trial. The plaintiffs Edward Leavitt, who is Regina Leavitt's husband, and Hospital Liquidating, Inc., which is a corporation wholly owned and controlled by the Leavitts, seek derivative damages allegedly resulting from the defendants' improper representation of Regina Leavitt in connection with the new trial motion. The

defendants' sole argument is that they have established for summary judgment purposes that there was no causal connection between any alleged malpractice on their part and the denial of Regina Leavitt's motion for a new trial, and that, therefore, their summary judgment motions should have been allowed. The defendants make no argument with respect to the claims of Edward Leavitt and Hospital Liquidating Inc., separate from their argument with respect to the claim made by Regina Leavitt. For example, they do not argue that loss of consortium or consequential damages are not recoverable in a legal malpractice action.

The defendants Mizner, Dershowitz, and Silverglate, Gertner, Baker, Fine & Good filed a petition in the Appeals Court under G. L. c. 231, § 118, first par. (1986 ed.), seeking relief from the order denying them summary judgment on the six counts and in the alternative leave for an interlocutory appeal from the denial of their motions for summary judgment. After a single justice granted their petition for leave to appeal, those defendants filed their appeal. The defendant Yoffie then was granted leave to join the interlocutory appeal and she did so. The plaintiffs appealed the single justice's grant of the right of interlocutory appeal to the defendants. The several appeals were consolidated for review, and we transferred them to this court on our own motion. Because, in any event, we must decide in connection with the defendants' appeal whether the denial of a motion for summary judgment is reversible before trial, we treat the plaintiffs' appeal as proper even though the appeal was entered as to this interlocutory matter without a grant of leave to appeal under G. L. c. 231, § 118. We now affirm the order of the single justice granting the defendants leave to appeal. We reverse the judge's order denying summary judgment to the defendants on counts VI, VII, IX, X, XII, and XIII, and remand for the entry of judgment for the defendants on those counts.

The following background information is relevant. From 1975 to 1982, Hospital Equipment Services, Inc., which, prior to the commencement of this action, became Hospital Liquidating, Inc., supplied medical equipment, oxygen, and supplies

to hospitals, nursing homes, and individuals throughout the Commonwealth. Hospital Equipment Services, Inc., was a provider under the Medicaid program of the Massachusetts Department of Public Welfare and the Federal Medicare program. In 1980, the Attorney General's Medicaid fraud control unit began an investigation of Hospital Equipment Services, Inc., and as a result of that investigation a grand jury indicted the company for larceny. The plaintiffs Edward Leavitt and Regina Leavitt also were indicted for larceny. Regina Leavitt was indicted for perjury and contempt as well. In addition, separate indictments were issued by a second grand jury against Regina Leavitt for false statements and written perjury.

The indictments against Regina Leavitt for perjury and contempt before the grand jury were tried to a jury. Regina Leavitt was convicted of both offenses. On appeal, the Appeals Court reversed the contempt conviction but affirmed the conviction for perjury. *Commonwealth* v. *Leavitt*, 17 Mass. App. Ct. 585, cert. denied, 469 U.S. 835 (1984), *S.C.*, 21 Mass. App. Ct. 84 (1985). Subsequently, both Leavitts and Hospital Equipment Services, Inc., pleaded guilty to larceny. The charges against Regina Leavitt of written perjury and false statements were filed without a change of plea.

In affirming Regina Leavitt's perjury conviction, the Appeals Court described the perjury case this way: "Perjury, as alleged by the Commonwealth, occurred when Leavitt, while testifying before the grand jury on two different occasions, denied the existence of all but isolated closed ledger cards at the time she was served with the grand jury's subpoena. More particularly, she said of the closed ledger cards: 'We dumped them.' Evidence was adduced by the Commonwealth at trial from which the jury could have found that Leavitt directed destruction of inculpatory closed ledger cards after she had received the subpoena from the grand jury.

"The focus of the grand jury's investigation was the receipt and retention by [Hospital Equipment Services, Inc.] of excess payments for equipment sold or leased. To that inquiry the closed ledger cards were highly relevant. As to each patient account, [Hospital Equipment Services, Inc.] set up a ledger

card on which charges and receipts were entered. If, as happened, a duplicate or excess payment was received for the account of a patient (generally from a third-party payor, such as Medicaid), the overpayment would show on the patient's ledger card as a credit balance. Former bookkeepers at [Hospital Equipment Services, Inc.] testified that they had been, with some frequency, directed by Leavitt to write off credit balances on accounts which had become inactive; i.e., [Hospital Equipment Services, Inc.] would pocket the overpayments. It was the practice to indicate the closing of an individual account by drawing a double line and 'zeroing out' the balance by writing off a debit or credit as the case might be. Thus, the closed ledger cards would display more prominently than any other record the writing off of a credit balance created by an excess payment." 17 Mass. App. Ct. at 587.

At the perjury trial, a current ledger card pertaining to a patient named Deborah Lynn Baker was introduced by the Commonwealth to corroborate the testimony of the corporation's bookkeepers that it was that company's practice to keep ledger cards after the accounts were closed. The Baker card showed the receipt of two payments from Medicaid of $660.24 each, and the purchase of one wheelchair for $660.24, leaving a credit balance of $660.24 which was then "zeroed out" through an entry that said, "balance written off." The card also showed that the account was reopened when a later service was provided to Deborah Lynn Baker, permitting the inference that closed cards were not regularly thrown away. The card also corroborated the bookkeepers' testimony about how Hospital Equipment Services, Inc., accounted for credit balances.

After the Appeals Court had affirmed Regina Leavitt's perjury conviction, Mizner, who was an employee of Silverglate, Gertner, Baker, Fine & Good, and Dershowitz filed a motion for a new trial. The plaintiffs claim that malpractice occurred in connection with this motion. The motion was grounded on a computer printout which had been obtained from the Department of Public Welfare after the perjury trial. The motion alleged that the printout had been suppressed by the prosecution and that it was newly discovered evidence. After the motion

for a new trial was filed, but before it was heard, Regina Leavitt informed Dershowitz and Mizner that, because the computer printout showed two separate prior approvals by the Department of Public Welfare of wheelchairs for Deborah Lynn Baker, Hospital Equipment Services, Inc., must have provided two wheelchairs. She concluded that the Baker card did not show an improper double billing but instead simply showed a bookkeeping error.

Regina Leavitt informed Dershowitz and Mizner that she could obtain an affidavit from Lester Stallsmith, an employee at the Irving A. Glavin Regional Center where Deborah Lynn Baker resided, to the effect that Baker had received two wheel-chairs. Regina Leavitt, accompanied by the defendant Yoffie, who is an attorney and a notary public, went to the Glavin Center and obtained the following statement from Stallsmith: "The E & J chair, serial # 1796540 is here at Glavin Regional Center in Shrewsbury. It was in use for Debbie Baker until she got her new Invacare chair. Sincerely, Lester A. Stallsmith . . . ." Beneath that statement, Yoffie wrote: "On this 19th day of December 1984, before me personally appeared Lester A. Stallsmith and acknowledged the foregoing to be his free act and deed. Johanna D. Drooz Yoffie My Commission expires 9/6/85." At the hearing on the new trial motion, the judge refused to consider Stallsmith's statement. The jurat did not state that Stallsmith had sworn to the truth of his statement. Thus, the statement was not in affidavit form. The judge denied the new trial motion and Regina Leavitt appealed. Stallsmith's statement was not included in the record on appeal. The Appeals Court affirmed the judge's denial of the motion. *Commonwealth* v. *Leavitt*, 21 Mass. App. Ct. 84 (1985).

Regina Leavitt argued in the Superior Court in support of her motion for a new trial, and again in the Appeals Court, that the computer printout, which she claimed had been suppressed by the Commonwealth and was newly discovered evidence, contained information on Hospital Equipment Services, Inc.'s patient accounts identical to that posted on the missing ledger cards, and that therefore the ledger cards were immaterial to the grand jury investigation. Since the ledger cards were

immaterial to the grand jury investigation, she contended, any false testimony that she may have given to the grand jury concerning when the ledger cards were discarded was also immaterial, with the result that the false testimony did not constitute perjury. *Commonwealth* v. *Leavitt,* 21 Mass. App. Ct. 84, 85-86 (1985). "To sustain a conviction for perjury, the false testimony, must be given 'in a matter material to an issue or point in question.' G. L. c. 268, § 1." *Id.* at 86, quoting *Commonwealth* v. *Borans,* 379 Mass. 117, 135 (1979). For reasons set forth in detail in its opinion, the Appeals Court rejected Regina Leavitt's contention, and affirmed the denial of her motion for a new trial. It concluded that, had the computer printout been available at the perjury trial, the ledger cards and the evidence of Regina Leavitt's grand jury testimony concerning them would nevertheless have been material. 21 Mass. App. Ct. at 86-87.

In the surviving six counts of the present complaint, the plaintiffs assert that Yoffie was negligent in drafting an improper jurat on the Stallsmith statement and that Dershowitz and Mizner were also negligent in failing to obtain a properly notarized affidavit from Stallsmith and also in failing to obtain affidavits from the wheelchair manufacturer or other witnesses showing that Hospital Equipment Services, Inc., had provided two wheelchairs for Deborah Lynn Baker.

First, we briefly address the plaintiffs' contention, made in connection with all the appeals, that the denial of a summary judgment motion is not appealable. It is true that "the denial of motions for summary judgment and partial summary judgment will not be reviewed on appeal after a trial on the merits." *Deerskin Trading Post, Inc.* v. *Spencer Press, Inc.,* 398 Mass. 118, 126 (1986). "The purpose of summary judgment is to bring litigation to an early conclusion without the delay and expense of a trial when no material facts are at issue, and it goes without saying that that purpose cannot be served after the case has gone to trial." *Id.* However, since the purpose of summary judgment can be served before trial, the decision of a trial court judge to deny summary judgment clearly is reviewable on an interlocutory appeal. All that is required is the grant

of leave to appeal by a single justice of an appellate court pursuant to G. L. c. 231, § 118, as occurred here. *Swift* v. *American Mut. Ins. Co.*, 399 Mass. 373, 375 n.5 (1987). Therefore, we proceed to the question whether the judge below properly denied the defendants' motions for summary judgment as to the six surviving counts.

Rule 56 (c) of the Massachusetts Rules of Civil Procedure, 365 Mass. 824 (1974), provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." "The party moving for summary judgment assumes the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue, even if he would have no burden on an issue if the case were to go to trial." *Pederson* v. *Time, Inc.*, ante 14, 17 (1989). *Attorney Gen.* v. *Bailey*, 386 Mass. 367, 371, cert. denied sub nom. *Bailey* v. *Bellotti*, 459 U.S. 970 (1982). Thus, the defendants here have the burden of demonstrating that, on the basis of the materials available to the judge for summary judgment purposes, the defendants' alleged failure to obtain affidavits concerning the furnishing of two wheelchairs for Deborah Lynn Baker's use, as a matter of law could not have caused the denial of Regina Leavitt's motion for a new trial. Stated another way, the defendants' burden is to show that, even if the affidavits had been obtained, the judge could not have been influenced by them to allow the new trial motion. In that event, there would be no genuine issue of fact bearing on an essential element of the plaintiffs' case, that is, that the defendants' omissions caused harm to the plaintiffs, see *Fishman* v. *Brooks*, 396 Mass. 643, 647 (1986); *McLellan* v. *Fuller*, 226 Mass. 374, 377-378 (1917), and the defendants therefore would be entitled to judgment. We agree with the defendants that the materials before the judge establish that, even if the defendants had obtained Stallsmith's affidavit and other affidavits showing that two wheelchairs had been provided for Deborah Lynn Baker's use, the judge still could not properly have allowed Regina Leavitt's new trial motion.

A new trial may be granted on the basis of newly discovered evidence when that evidence "probably would be a real factor with a jury in reaching a decision" on retrial. *Commonwealth* v. *Williams*, 399 Mass. 60, 64 (1987). *Commonwealth* v. *Grace*, 397 Mass. 303, 306 (1986). However, the judge in this case would not have been warranted in concluding that, had the defendants obtained the affidavits the plaintiffs claim they should have obtained, the information therein would have constituted newly discovered evidence.

"When a motion for a new trial is grounded on newly discovered evidence, the evidence must have been unknown and unavailable at the time of trial despite the diligence of the moving party." *Williams*, *supra* at 64. *Grace*, *supra* at 306. In response to the defendants' motions, the plaintiffs submitted a combined brief and affidavit which states as follows: "During the trial and before the close of trial, it became apparent that [a] physical inspection of the wheelchair(s) of Debbie Baker would be required at the Irving A. Glavin Regional Center. A request was made by [the plaintiffs] for a physical inspection of the wheelchair(s) of Debbie Baker at the Irving A. Glavin Regional Center during the trial. Such request was refused and all inquiries were referred back to the Medicaid Fraud Control Unit. A further request of the Medicaid Fraud Control Unit was referred to [an assistant attorney general] and that [his] reply was 'You've got everything and there's only one wheelchair.' " In their verified complaint, the plaintiffs name Charlotte Noel as one of the officials at the Glavin Center who refused to provide information concerning equipment provided by Hospital Equipment Services, Inc. The plaintiffs also assert in their complaint and their affidavit "that wheelchairs are serial numbered by their manufacturer and can be traced with serial numbers by the manufacturer as to which distributor they were sold to, which facts were disclosed to [Regina Leavitt's trial counsel]." It is thus clear from the plaintiffs' own statements that Regina Leavitt or her trial counsel knew at the time of her perjury trial that information about Deborah Lynn Baker's wheelchairs could be found at the Glavin Center and in the hands of wheelchair manufacturers.

The plaintiffs argue, however, that such knowledge was of no use, because officials at the Glavin Center refused to provide them with access to the information. This raises the question whether the plaintiffs could have shown the judge who heard the new trial motion that they had exercised the kind of diligence that is required for evidence to be considered newly discovered. The plaintiffs could not have done so. The materials they have submitted implicitly make clear that they made no pretrial attempt to subpoena witnesses who would be likely to have information that they now say should have been contained in affidavits in support of the motion for a new trial. Such an implication appears in the plaintiffs' response to the defendants' assertion that the plaintiffs had made no pretrial attempt to summon witnesses or subpoena records from the Glavin Center: "[Y]ou do not put on a witness stand a person whose testimony you cannot fairly predict." The plaintiffs' admitted failure to use available procedures to procure the desired evidence establishes for summary judgment purposes that the plaintiffs did not exercise the diligence necessary to establish evidence as newly discovered. Thus, it would have been reversible error for the judge to have granted a new trial on the basis of the evidence that the plaintiffs claim the defendants should have obtained in affidavit form.

It is true that evidence that does not qualify as "newly discovered" may nevertheless "have a reasonable bearing on the weight and reliability" of other evidence that is newly discovered. *Commonwealth* v. *Grace*, 397 Mass. 303, 310 (1986). Therefore, we must consider whether, had the affidavits been obtained, they might have had a reasonable bearing on the weight of the computer printout which the plaintiffs alleged in connection with the new trial motion was newly discovered. We conclude that, as a matter of law, such affidavits would have had no bearing on the "weight" of the computer printout. As we stated earlier in this opinion, Regina Leavitt argued in the Superior Court and again in the Appeals Court that, had the printout been available and introduced in evidence at the perjury trial, the closed patient ledger cards would have been immaterial to the grand jury's investigation, and therefore,

Regina Leavitt's testimony about the discarding of those cards in the regular course of business also would have been immaterial. In those circumstances, she argued, her testimony, even if false, did not constitute perjury. See *Commonwealth* v. *Borans, supra* at 135. On the appeal from the denial of the new trial motion, the Appeals Court concluded that Regina Leavitt's testimony would have been material even if the computer printout had been in evidence. *Commonwealth* v. *Leavitt,* 21 Mass. App. Ct. 84, 86 (1985). That conclusion would apply with equal force regardless of whether the computer printout was supported by affidavits relating to the providing of two wheelchairs to Deborah Lynn Baker.

Affidavits concerning the provision of two wheelchairs also would have been insufficient as a matter of law to increase the weight and reliability of the computer printout on the question, which would be relevant to a fact finder in a perjury trial, whether Regina Leavitt had a motive to perjure herself before the grand jury. Regina Leavitt was charged with falsely testifying that *numerous* closed ledger cards had been destroyed before she was served with the grand jury subpoena. There was evidence at her perjury trial that she ordered these cards destroyed after she received the subpoena, and that these cards would have shown that it was the practice of Hospital Equipment Services, Inc., to retain excess or duplicate payments made by a third-party provider. *Commonwealth* v. *Leavitt,* 17 Mass. App. Ct. 585, 587 (1984). The card relating to Deborah Lynn Baker was only one of many such cards which former bookkeepers of Hospital Equipment Services, Inc., testified had been "zeroed out" after overpayments. *Id.* Moreover, Regina Leavitt, along with her husband and the company, pleaded guilty to indictments charging larceny brought by the same grand jury before which she perjured herself. In light of this other evidence tending to show Regina Leavitt's motive to lie, a judge would not have been warranted in concluding that the computer printout could constitute "a real factor with a jury in reaching a decision" on retrial. *Commonwealth* v. *Williams,* 399 Mass. 60, 64 (1987). That is true even if the printout were supported by evidence that two wheelchairs were provided to

Deborah Lynn Baker. As a matter of law, the affidavits would not have changed the outcome of the plaintiffs' arguments that the printout rendered Regina Leavitt's testimony immaterial or that it tended to show an absence of motive for Regina Leavitt to perjure herself.

The undisputed facts before the judge hearing the summary judgment motions compel the conclusion that the plaintiffs cannot prevail at trial. Evidence concerning the furnishing of two wheelchairs to Deborah Lynn Baker, standing alone, could not support the grant of a new trial to Regina Leavitt because, as a matter of law, it is not "newly discovered." Furthermore, that evidence as a matter of law does not bolster the computer printout even if the printout was newly discovered. As a result, the trial judge should have granted the defendants summary judgment on the six remaining counts of the plaintiffs' complaint.

We affirm the order of the single justice of the Appeals Court granting interlocutory review. We reverse the order of the judge in the Superior Court denying the defendants' motions for summary judgment, and we remand to that court for the entry of judgment for the defendants.

*So ordered.*