Cratsley, J.
INTRODUCTION
Before this Court are defendant Dynagraf, Inc.’s motion for summary judgment on plaintiff Edward S. Stern’s claims of age discrimination under G.L.c. 151B, §4, and G.L.c. 93, §103, and defendant James Mortell’s motion for summary judgment on plaintiff s claim of tortious interference with an employment relationship. The claims arise out of plaintiffs termination in March 1991 from his position of bookbinder. Plaintiff alleges he was terminated by Dynagraf because of his age and because of malicious conduct on the part of defendant Mortell. Defendants allege they terminated Stern for legitimate business reasons, and that they are entitled to summary judgment. On the basis of the affidavits and depositions on the record, Dynagrafs motion for summary judgment on G.L.c. 151B is denied. Plaintiff has produced sufficient evidence on the issue of pretext for him to survive summary judgment. Dynagrafs motion for summary judgment on G.L.c. 93, §103 is granted because plaintiff has availed himself of G.L.c. 151B, the preemptive remedy in the field. Mortell’s motion for summary judgment is denied because plaintiffs evidence of age discrimination also constitutes evidence of improper motive for his claim of tortious interference with an employment relationship.
BACKGROUND
Plaintiff was terminated by defendant Dynagraf, Inc. on March 1, 1991, at the recommendation of defendant James Mortell. He was 55 years old. Plaintiff had been employed by Dynagraf, in the position of folding machine operator, since 1988 when Dynagraf purchased the Bindery Department from Recording and Statistical Corporation. Plaintiff had also previously been employed by Dynagraf as bindery supervisor in 1979, but left the company for other employment in January 1980.
During the events in question, Mortell was the manager of the bindery department and was plaintiffs second-level supervisor. Plaintiffs immediate supervisors were Prepetit Joseph and Paul Chibeault. The president of Dynagraf was William J. Roche and the vice president of manufacturing was Robert Gartner.
According to defendants, plaintiff was terminated as part of a more general downsizing at Dynagraf. Roche had determined the company needed to cut costs by 20%. He left specific termination decisions to Dynagrafs department heads. Gartner was responsible for layoffs in the Bindery. He identified to Mortell four employees who he had scheduled for termination including one Adelio Vieira. Mortell objected to Vieira’s inclusion, and suggested that plaintiff be terminated instead. Plaintiff was laid off shortly thereafter.
Mortell’s asserted reasons for this switch were that Vieira was too important an employee to lose because he could operate the stitcher machine when Mortell’s backup foreman (also a stitcher operator) was needed to supervise the bindery department. Mortell felt that plaintiff, conversely, could be let go (1) because he had limited competency with machines other than the folding machine, (2) because his schedule was inflexible,[2] and (3) because he was not as productive a folder operator as others in the department.
Plaintiff disputes all of defendants’ assertions. He claims that he was skilled at operating the stall folding machine, paper cutter, drill, scoring machine, and stitcher. He also claims that his employment arrangement at Winthrop allowed for him to work overtime at Dynagraf when necessary, and that he, in fact, wanted to work overtime and was repeatedly denied the opportunity.[3]
As to plaintiffs productivity, there is scant, but contested evidence. Mortell claims to have given a verbal warning about low productivity to plaintiff on February 2, 1989, while plaintiff claims that no such discussion ever occurred. He asserts that Mortell told him on several occasions that he was happy with his production.
Plaintiff asserts that he was terminated because of his age. In addition to contesting defendants’ reasons for his termination, plaintiff argues that he was subjected to verbal harassment by his supervisors,[4] denied overtime on account of his age, and that a higher *290 proportion of workers over 40 were terminated than those under 40.[5]
DISCUSSION
Under Mass.R.Civ.P. 56(c), summary judgment is appropriate “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The party moving for summary judgment assumes the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue, even if he would have no burden on an issue if the case were to go to trial.” Leavitt v. Mizner, 404 Mass. 81, 88 (1989). While the standard is rigorous, and it requires that the court view the record in the light most favorable to the non-moving party, indulging that party with all inferences, Attorney General v. Bailey, 386 Mass. 367, 371 (1982), quoting Hub Associates v. Goode, 357 Mass. 449, 451 (1970), in cases where the non-moving party has the burden of proof, the mov-ants can prevail by showing that the other party has “no reasonable expectation of proving an essential element of that party’s case.” Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). The party opposing summary judgment may not rest upon mere allegations, con elusory assertions, or speculation, but must set forth a minimum factual setting showing there is a genuine issue for trial. Madsen v. Erwin, 395 Mass. 715, 719 (1985). Affidavits or portions thereof made on belief, as opposed to personal knowledge, are to be disregarded in considering a motion for summary judgment. Id. at 721.
COUNT 1(a): M.G.L. c. 151B AGE DISCRIMINATION
In the instant action, the above principles are supplemented by the shifting burdens of proof required in proving discrimination under G.L.c. 15IB, §4.[6] The parties have “intermediate evidentiaiy burdens to meet.” McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Wheelock College v. Massachusetts Comm’n Against Discrimination, 371 Mass. 130, 136 (1976); See Radvilas v. Stop & Shop, Inc., 18 MassApp.Ct. 431, 438-39 (1984). ⅛6 plaintiff must first make out a prima facie case of age discrimination by showing that: (1) he was in the protected age group; (2) he was performing his job at a level that met his employer’s legitimate expectation; (3) he was fired; and (4) the employer did not treat age neutrally or that younger persons were retained in the same position. Schuler v. Polaroid Corp., 848 F.2d 276, 278 (1st Cir. 1988), quoting Holt v. Gamwell Corp., 797 F.2d 36, 37-38 (1st Cir. 1986). Cf. Radvilas v. Stop and Shop, supra at 443.
Plaintiff in the present case meets his burden. He was 55 years old at the time of the events leading to this action, at least for the purposes of this motion he was performing his job adequately, he was terminated, and younger persons in his department were retained.
The burden of production, but not proof, now shifts to the defendant to articulate a legitimate non-discrimi-natoiy reason for the discharge. Radvilas v. Stop and Shop, supra at 439; Trustees of Forbes Library v. Labor Relations Comm’n, 384 Mass. 559, 565-67 (1978); Schuler v. Polaroid Corp., supra at 278. The ultimate burden of proving discrimination remains with the plaintiff at all times. Wheelock College v. Massachusetts Comm’n Against Discrimination, supra at 138.
Defendant Dynagraf has articulated that it terminated plaintiff because it was downsizing, and in so doing was concerned about plaintiffs lack of flexibility in scheduling and his lack of competency to operate machines other than the folding machine. Although there are factual disputes about these issues, defendant has sustained its limited burden of articulation.
When the defendant has met this burden, the plaintiff “must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.” Texas Dept. of Community Affairs v. Textron, 450 U.S. 248, 253 (1981).
For this Court, the issue is whether plaintiff has sufficiently carried his burden to show pretext so as to survive summary judgment. Generally, “summary judgment is an inappropriate tool for resolving claims of employment discrimination, which involve nebulous questions of motivation and intent.” Thornbrough v. Columbus and Greenville R. Co., 760 F.2d 633 (5th Cir. 1985); see also Flesner v. Technical Communication Corp., 410 Mass. 805,809 (1991); Pederson v. Time, Inc., 404 Mass. 14, 16 (1989), quoting Quincy Mutual Fire Ins. Co. v. Abernathy, 393 Mass. 81, 86 (1984). However, summary judgment has been allowed when plaintiff cannot meet its burden of showing that the reason articulated by the defendant for its actions was pre-textual. Brunner v. Stone & Webster Engineering Corp., 413 Mass. 698, 705 (1992) (evidence of prior sexual harassment by employees other than supervisor, which was remedied by employer, combined with denied requests for training in use of automated equipment, does not show that employer’s asserted reason for laying off plaintiff was pretextual); McKenzie v. Brigham & Women’s Hospital 405 Mass. 432, 437 (1989) (plaintiff did not meet burden of showing pretext when employer articulated plaintiffs criminal actions as reasons for his termination); Gregory v. Raytheon, 27 Mass.App. 1170 (1989) (merely casting doubt on correctness of defendant’s articulated reason for discharge will not avert summary judgment). This Court finds the above cases distinguishable, and will deny Dynagrafs motion for summary judgment on Count 1(a).
Plaintiff has produced sufficient evidence to establish a reasonable expectation of proving that Dynagrafs reasons for terminating him were pre-textual. Kourouvacilis v. General Motors, supra at 716. The record shows that another employee, Adelio Vieira, was initially chosen to be terminated from the *291 bindery department but was kept on at Mr. Mortell’s suggestion to terminate the plaintiff. In reduction of staff cases “the fact that the employer cannot retain every employee is not conclusive. The question is why, given the employer’s need to reduce his workforce, he chose to discharge the older rather than the younger employee.” Thornbrough v. Columbus and Greenville R. Co., supra at 645. Dynagraf claims the decision was made on the basis of plaintiffs lack of schedule flexibility and their belief that he lacked competence in operating certain bindery machines. On the issue of scheduling flexibility, plaintiff asserts that he requested to be scheduled for overtime orders and was denied. Defendant Dynagraf had notice of plaintiffs concerns; Roche admits they were discussed in the March 1990 meeting he had with Stern. Plaintiff also asserts that he did know how to operate the other machines. Defendant does not dispute this, Mortell merely states that he believed that Stern was not competent to operate the other machines.
In addition to his direct refutation of defendant’s asserted reasons for termination, plaintiff offers evidence of discriminatory practices by Dynagraf. He offers statistical evidence of a higher percentage of older employees terminated than younger, and notes that in his department the two oldest employees were terminated. He also alleges harassment based on age by two of his immediate supervisors, which he says he complained of when he met with Roche. While such evidence is not dispositive, it bolsters plaintiffs argument that Dynagraf s articulated reasons for termination were pretextual. It is enough to withstand summary judgment. Plaintiff has produced “the requisite quantum of evidence to enable him to reach the jury with his claim.” Humphrey v. National Semiconductor Corp., 18 Mass.App.Ct. 132, 135 (1984); Buckley Nursing Home v. MCAD, 20 Mass.App.Ct. 172, note 4 at 176-77 (1985) (the existence of discriminatory motive can be inferred by evidence establishing differences in the treatment of two groups); Hebert v. Mohawk Rubber Co., 872 F.2d 1104, 1114 (1st Cir. 1989) (tenuous statistical evidence of disparate practices, combined with circumstantial evidence of discriminatory intent, enough to survive summary judgment). Defendant’s motion for summary judgment is denied.
COUNT 1(b): M.G.L.A. c. 93 §103 AGE DISCRIMINATION
Plaintiff also asks for relief under G.L.c. 93, §103, the Massachusetts Equal Rights Act of 1990.[7] The question of the applicability of this statute to employment discrimination cases is currently unsettled. Compare Cohen v. Safety Insurance Co., No. 91-4991-C (Suffolk Co. February 1993) (Cratsley, J). with Titcomb v. Boston Safe Deposit and Trust Co., Inc., No. 92-6585 1 (Suffolk Co. June 1993) (Sosman, J). This Court wrote in Cohen that G.L.c. 93, §103 was applicable to age discrimination claims in which G.L.c. 151B was not available to the plaintiff. Cohen at 7, citing Agin v. Federal White Cement, No. 91-1426 (Hampden Superior Ct. Sept. 1992) (Sweeney, J.). When G.L.c. 151B is available, however, it dominates the field. Titcomb, supra at 8-9. See Napolitan v. New England Telephone Co., CA. No. 91-12973-MA, slip op. at 2-3 (D.Mass. January 15, 1993); Sereni v. Star Sportswear Mfg. Corp., 24 Mass.App.Ct. 428, 431-32, rev. denied, 400 Mass. 1107 (1987); Mouradian v. General Elec. Co., 23 Mass.App.Ct. 538, rev. denied, 400 Mass 1107 (1987); Bergeson v. Franchi, 783 F.Supp. 713, 720-21 (D.Mass. 1992); Conway v. Boston Edison Co., 745 F.Supp. 773 (D.Mass. 1990); Bester v. Roadway Express, Inc., 741 F.Supp. 321, 322-23 (D.Mass. 1990). In the instant case, plaintiffhas a valid claim under G.L.c. 15 IB. He thus is not entitled to relief under G.L.c. 93, §103. Defendant’s motion for summary judgment with respect to plaintiffs claim under G.L.c. 93, §103 is granted as the growing weight of Superior Court opinion supports this view. It is simply unworkable for the trial judge to have conflicting burdens of proof and concepts of damages, as set forth in the two statutes, going to the jury at the same time. For another trial judge’s description of how this problem should be avoided, see Judge Sweeney’s opinion in Agin v. Federal White Cement, supra
COUNT II: INTENTIONAL INTERFERENCE WITH AN EMPLOYMENT RELATIONSHIP
Plaintiff directs this count against individual defendant Mortell on the theory that he tortiously interfered with plaintiffs employment at Dynagraf by recommending that he be terminated. The tort of intentional interference with an employment relationship requires plaintiff to prove (1) the existence of the relationship, (2) defendant’s knowledge of that relationship, (3) defendant’s intentional, improper action to interfere with the relationship, and (4) harm to the plaintiff. See United Truck Leasing Corp. v. Geltman, 406 Mass. 811, 812 (1990). There is no dispute as to the existence of an employment relationship or defendant Mortell’s knowledge of that relationship. Plaintiff was terminated, thus showing harm. At issue is whether Mortell’s conduct was intentional and improper. Since Mortell recommended that plaintiff be terminated rather than another employee, there can be no question as to his action being intentional.
Actions involving unlawful discrimination have been found to contain the requisite improper motive for sustaining a claim of tortious interference. Id. at 816-17; Comey v. Hill, 387 Mass. 11, 19 (1982). Plaintiff in the instant action presents a claim sufficient to withstand summary judgment for age discrimination. Therefore, he also presents evidence sufficient to move this tort claim forward. Defendant’s motion for summary judgment is denied.
ORDER
For the foregoing reasons, it is hereby ORDERED that:
*292 (1) Defendant Dynagraf s motion for summary judgment on plaintiffs G.L.c. 15 IB age discrimination claim is DENIED.
(2) Defendant Dynagraf s motion for summary judgment on plaintiffs G.L.c. 93, §103 age discrimination claim is GRANTED.
(3) Defendant Mortell’s motion for summary judgment on plaintiffs tort claim of intentional interference with an employment relationship is DENIED.

 Morteli alleges that plaintiff would only work the first shift, and would not work overtime because he had a second job at Winthrop, a competitor, which required his presence at 4pm.

 It is uncontested that in March 1990, the plaintiff met with Mr. Roche to complain, along with other issues, that he was not being given enough overtime.

 The phrase “to old to move equipment” was used at some point during plaintiffs employment, but it is unclear who used it. Plaintiff claims he was denied overtime on one occasion because he was told by Chibeault and Joseph that he was “too old to move equipment,” but that he was required to move the same equipment three days later on regular time. Dynagraf asserts that Stern himself claimed that he was “too old to move equipment” in his meeting with Roche. The issue of harassment was discussed in the March 1990 meeting between plaintiff and Roche, and Dynagraf asserts that it investigated and found no harassment had occurred.

 Plaintiff cites evidence of disparate impact, claiming that 14 out of 67 employees over 40 were laid off, while 8 out of 103 younger than 40 were laid off. Defendants do not comment on these numbers, but deny that age was used as a criterion in making layoff decisions.

 The relevant portion of the statute reads:
It shall be an unlawful practice:
For an employer in the private sector, by himself or his agent, because of the age of any individual... to bar or to discharge from employment such individual . . . unless based upon a bona fide occupational qualification. M.G.L.A. c. 151B, §4 §§1B.

 The statute provides:
Any person within the commonwealth, regardless of handicap or age as defined in chapter one hundred and fifty-one B, shall, with reasonable accommodation, have the same rights as other persons to make and enforce contracts, inherit, purchase, lease, sell, hold, and convey real and personal property, sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property, including but not limited to, the rights secured under Article CXTV of the amendments to the Constitution. M.G.L.A. c. 93, §103.