ERIC SHENKER & another,[1] trustees,[2] & another[3] *vs.* RISKY DEJESUS & others.[4] August 7, 2000. *Supreme Judicial Court,* Appeal from order of single justice. *Practice, Civil,* Summary judgment.

The petitioners appeal under S.J.C. Rule 2:21, 421 Mass. 1303 (1995), from a single justice's denial of their request for relief under G. L. c. 211, § 3. They had sought review of an order of a Housing Court judge denying their motion for partial summary judgment.

The denial of that motion is interlocutory, so we consider whether the petitioners have, as rule 2:21 (2) requires, "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." The petitioners point out that we have held that the denial of a motion for partial summary judgment will not be reviewed on appeal after a trial on the merits. *Deerskin Trading Post, Inc.* v. *Spencer Press, Inc.,* 398 Mass. 118, 126 (1986). They conclude that, as a result, no appeal from a final adverse judgment in the trial court can provide adequate review.

First, we note that the petitioners are aware of the availability of an alternative avenue for seeking relief, that provided by G. L. c. 231, § 118, first par., for they claim to have sought relief thereunder. See generally *Leavitt* v. *Minzer,* 404 Mass. 81, 83-88 (1989). Moreover, although the denial of their motion for partial summary judgment might not be reviewable on appeal following a trial on the merits, the legal issue identified by the judge in denying the petitioners' motion, whether designated statutory language may be applied retroactively to certain causes of action, may be reviewed on appeal. See *Deerskin Trading Post, Inc.* v. *Spencer Press, Inc., supra* ("The merits of a claim are better tested on appeal on the record as it exists after an evidentiary trial than on the record . . . at the time the motion for summary judgment was denied"). The petitioners have not met the requirement of rule 2:21 (2) in these circumstances.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

---

[1] Albert Shenker.

[2] Of the Aleric Realty Trust.

[3] Four Seasons Associates, Inc.

[4] Jesus Manuel DeJesus, and Mariluz Toledo, as mother and next friend.

*John J. Regan* for Eric Shenker.