Coven, J.
Plaintiff Dennis Kelley (“Kelley”), an independent trucking contractor, performed work for, and billed, defendant Riccelli Enterprises, Inc. (“Riccelli”). Riccelli withheld payment as a setoff for its payment of environmental cleanup costs it incurred after Kelley’s truck had caught on fire and discharged fuel and oil while parked at Riccelli’s place of business. Kelley asserted that Riccelli’s conduct was unfair and deceptive because Riccelli had withheld the money only to gain advantage in its litigation with Kelley’s insurer. The trial court judge agreed with Kelley, found a breach of contract and damages, doubled those damages under G.L.c. 93A, and assessed attorney’s fees. This appeal by Riccelli followed. Riccelli argues that its motion for summary judgment was improperly denied; and that the court’s finding of a G.Lc. 93A violation and resulting award of damages and attorney’s fees were clearly erroneous.
1. Riccelli sought summary judgment against Kelley on his G.L.c. 93A, §11 claim on the basis that the relationship between Kelley and Riccelli was based on a contract that contained a choice-of-law provision by which the parties had chosen to have New York law applied. It was argued that New York law would not permit an unfair business practice claim. The motion was denied, and Riccelli now seeks appellate review of that ruling.
The denial of a motion for summary judgment is not, however, appealable after trial. Leavitt v. Mizner, 404 Mass. 81, 87 (1989). “The purpose of summary judgment is to bring litigation to an early conclusion without the delay and expense of a trial when no material facts are at issue, and it goes without saying that that purpose cannot be served after the case has gone to trial.” Deerskin Trading Post, Inc. v. Spencer Press, Inc., 398 Mass. 118, 126 (1986). While summary judgment denial may be reviewed through an interlocutory appeal, Leavitt, supra. See Dist./Mun. Cts. R. A. D. A, Rule 5 (“Pursuant to G.L.c. 231, §108, a judge may, in his or her discretion, report a judgment, interlocutory or other ruling, ... for determination by the Appellate Division.”), Riccelli failed to file a request for the judge to report the issue. *82 Nor did it request a ruling of law to preserve the issue after trial.
2. In turning to the remaining issues on this appeal, we note that the trial judge adopted verbatim the requests for findings of fact proposed by Kelley.[2] The judge also allowed Kelley’s and Riccelli’s requests for rulings of law. Riccelli does not dispute the basic facts.
Kelley performed services for Riccelli for the period from October 15 through October 19, 2007, and submitted an invoice for those services on October 19, 2007, in the amount of $2,955.14. On October 21,2007, Kelley’s tractor was destroyed in a fire at Riccelli’s equipment yard. Two vehicles parked on either side of Kelley’s tractor were also damaged, and there was environmental damage to Riccelli’s property. Riccelli filed a suit in the superior court against Kelley to recover the costs it had incurred in remediating that environmental damage.
Both Kelley and his counsel made several requests for payment of the October 19, 2007 invoice: Kelley orally, and his counsel through written requests. Riccelli knew that Kelley’s tractor service was his sole source of income and was aware of Kelley’s financial plight caused by the loss of the tractor. The withholding of the invoice payment further damaged Kelley’s financial position. The trial judge adopted Kelley’s request that the court find Riccelli withheld payment of the invoice in an effort to leverage a settlement of the superior court litigation. The trial court added that Riccelli withheld payment in an effort also to leverage the earlier insurance claim that'gave rise to the superior court action.
The court adopted Kelley’s statement that counsel sent Riccelli a G.Lc. 93A demand letter, even though such a demand was unnecessary because Kelley’s G.L.c. 93A claim was pursuant to §11 of that statute governing business-to-business litigation. Dahlborg v. Middleborough Trust Co., 16 Mass. App. Ct. 481, 485 (1983). This finding conflicted with one of Kelley’s requests for a ruling of law that referred to the consumer protection portion of G.L.c. 93A, §9. Other requests, however, provided citations to appellate decisions deciding business-to-business litigation. Riccelli, in its fourth request for a ruling of law, brought to the trial judge’s attention that a distinction exists between a §9 and a §11 claim. Riccelli requests for rulings were limited to Kelley’s G.L.c. 93A claim.
Riccelli argues that it was prejudiced by the trial judge’s erroneous application of §9 to this action. Specifically, Riccelli argues that §11 requires a “level of rascality that would raise an eyebrow of someone inured to the rough and tumble world of commerce.”[3] Levings v. Forbes & Wallace, Inc., 8 Mass. App. Ct. 498, 504 (1979). We agree that what might be unfair to a consumer may be common in a commercial set *83 ting. Spence v. Boston Edison Co., 390 Mass. 604, 616 (1983). Amere breach or nonpayment of a debt will not establish liability under §11. See Madan v. Royal Indem. Co., 26 Mass. App. Ct. 756, 762 (1989) (breach of lease); Community Bldrs., Inc. v. Indian Motocycle Assocs., Inc., 44 Mass. App. Ct. 537 (1998) (nonpayment of debt).
We are satisfied, however, that the trial judge applied the proper standard in this case. Kelley’s reference to §9 was a single and obvious mistake. The references to §11 in both Kelley’s remaining requests and Riccelli’s requests, and the judge’s adopted finding that Kelley’s claim was a §11 claim, warrant the conclusion that the judge was aware that the standard to be applied in this case was that governing business-to-business cases. Moreover, the trial judge’s finding that Riccelli’s withholding of payment was undertaken to leverage its position on its claim against Kelley for environmental cleanup costs indicates his awareness of the level of unfairness and deception required under §11. “[Cjonduct ‘in disregard of known contractual arrangements’ and intended to secure benefits for the breaching party constitutes an unfair act or practice for c. 93A purposes.” Anthony’s Pier Four, Inc. v. HBC Assocs., 411 Mass. 451, 474 (1991), quoting Wang Lab. Inc. v. Business Incentives, Inc., 398 Mass. 854, 857 (1986).
Riccelli argues further that the trial judge failed to recognize its right to be reimbursed by Kelley for the environmental cleanup costs. The short answer is that Riccelli has taken a single comment by the trial judge out of context. During Riccelli’s closing argument, the trial judge asked Riccelli’s counsel whether he “agree [d] absolute liability is not the law in Massachusetts.” Counsel was quick to point out that such a view was incorrect, and that absolute liability was the law in Massachusetts. Nothing in the record suggests that the court did not inform itself, and apply, the correct law when it ultimately decided this case.
We reject Riccelli’s argument that Kelley failed to prove a ‘loss of money” as required under §11.[4] Riccelli cites Multi Tech., Inc. v. Mitchell Mgt. Sys., Inc., 25 Mass. App. Ct. 333 (1988) for the proposition that Kelley’s damages for the purposes of a §11 award were not to be measured by his contract damages. Rather, recoverable damages would consist only of the loss of the use of the money and consequential damages. While accurate, Riccelli fails to acknowledge that §11 was amended by St. 1989, c. 580, §2, which added the following provision: “For the purposes of this chapter, the amount of actual damages to be multiplied by the court shall be the amount of the judgment on all claims arising out of the same and underlying transaction or occurrence regardless of the existence or nonexistence of insurance coverage available in payment of the claim.” The trial judge found contract damages and then doubled that award. The judge’s finding that Riccelli withheld payment to leverage a settlement supports the finding that Riccelli acted knowingly and wilfully. The trial judge acted in compliance with §11. See Greelish v. Drew, 35 Mass. App. Ct. 541, 544 (1993).
Finally, Riccelli argues that the award of attorney’s fees was improper for the following reasons. First, attorney’s fees are not recoverable because Riccelli did not violate §11. Second, plaintiff failed to prove a causal connection between any §11 violation and a loss of money. Third, the legal fees were not properly documented. Fourth, *84 the fee request included legal work in the superior court action. Fifth, the award was clearly excessive. And, sixth, the fee award violates the Massachusetts Rules of Professional Conduct 1.5(a) because Kelley’s counsel charged an excessive fee.[5]
We summarily dismiss Riccelli’s first three arguments. The trial judge’s finding that Riccelli violated §11 was warranted. Riccelli’s argument that a causal connection was not proved is based on a reading of Multi Tech, Inc. that, after the 1989 amendment of §11, no longer supports its view. And, finally, we conclude that the fees were properly documented.
It appears that the award of attorney’s fees may have included approximately $4,000.00 for work associated with the superior court action. However, we note that it is undisputed that Riccelli sought to have this action consolidated in the superior court with the action it had filed there. There is nothing in the record to permit the determination, nor has Riccelli adequately demonstrated, that the billing for the services in question was unrelated to this case.
In cases where a statute provides for the recovery of legal fees, “ [t]he Supreme Judicial Court has indicated that the ‘basic measure’ of a reasonable statutory attorney’s fee award is the lodestar method, which involves ‘multiplying the number of hours reasonably spent on the case [by] a reasonable hourly rate.’ Fontaine v. Ebtec Corp., 415 Mass. [309,] 324 [(1993)]. The lodestar method should govern in such cases ‘unless there are special reasons to depart from [it].’ Id. at 325.” Siegel v. Berkshire Life Ins. Co., 64 Mass. App. Ct. 698, 706 (2005).[6] Kelley’s counsel’s affidavit indicates that he has over thirty-five years of experience in civil litigation. He charged Kelley $275.00 per hour. The trial judge’s finding that this modest professional rate was reasonable was warranted. The billing, which described each service and when it was performed, was sufficiently detailed. We are not persuaded by any argument of Riccelli’s that the amount of time spent was unreasonable, and find no merit in Riccelli’s argument that Kelley’s counsel violated any provision of the Massachusetts Rules of Professional Conduct.
Kelley has sought G.Lc. 93A attorney’s fees for his defense against this appeal by Riccelli. Within fourteen days of the issuance of this opinion, Kelley shall submit his request for appellate attorney’s fees to this Division in the manner described in Fabre v. Walton, 441 Mass. 9, 10-11 (2004). Riccelli may file any opposition within ten days of service of Kelley’s request.
Judgment affirmed.
So ordered.

 A verbatim adoption of proposed findings of fact should be approached with caution. Required is a display “of personal analysis.” Cormier v. Carty, 381 Mass. 234, 237 (1980), quoting In re Las Colinas, Inc., 426 F.2d 1005, 1010 (1st Cir. 1970). In this case, Riccelli does not dispute any particular finding. Rather, it is the conclusions to which Riccelli objects.

 Phrases such as “level of rascality” are now viewed as “uninstructive” in resolving questions of unfairness under G.L.c. 93A, §11. Massachusetts Employers Ins. Exch. v. Propac-Mass., Inc., 420 Mass. 39, 42 (1995). The focus should instead be on “the nature of challenged conduct and on the purpose and effect of that conduct....” Id.

 A G.L.c. 93A plaintiff must demonstrate only that he or she “has been injured” to support a §9 claim. Under G.L.c. 93A §11, however, a plaintiff must prove a loss of “money or property.”

 Rule 1.5(a) of the Mass. R. Prof. C. prohibits a lawyer from entering into an agreement, charging, or collecting “an illegal or clearly excessive fee.”

 This standard differs from a contractual obligation to pay reasonable attorney’s fees. A number of factors are relevant to a determination of whether an award of attorney's fees is reasonable. While the amount of a reasonable attorney’s fee is largely discretionary, a judge “should consider the nature of the case and the issues presented, the time and labor required, the amount of damages involved, the result obtained, the experience, reputation, and ability of the attorney, the usual price charged for similar services by other attorneys in the same area, and the amount of awards in similar cases.” Linthicum v. Archambault, 379 Mass. 381, 388-389 (1979).